## DETROIT UNITED RY. v. CRAVEN.

(Circuit Court of Appeals, Sixth Circuit.
June 11, 1926.)

No. 4599.

1. **Master and servant** ☞111(1½)—**Employee may recover for injury caused by failure to equip car with automatic couplers, though neither he nor car was at time employed in interstate commerce (Safety Appliance Act March 2, 1893, § 2, as amended by Act March 2, 1903, § 1 [Comp. St. §§ 8606, 8613]).**

Under Safety Appliance Act March 2, 1893, § 2, as amended by Act March 2, 1903, § 1 (Comp. St. §§ 8606, 8613), an employee of a railroad company engaged in interstate commerce may recover for injuries sustained by reason of the failure of the company to equip a car with automatic couplers, though he was not at the time of the injury engaged in interstate commerce, and irrespective of the use of the car at that time.

2. **Master and servant** ☞264(12)—**Description in complaint of car, fully identified by evidence, by incorrect number, held not material variance.**

Where plaintiff was injured through failure of defendant railroad company to equip a car with automatic couplers, and the car was fully identified in the evidence, the fact that it was described in the complaint by an incorrect number *held* not to create a material variance.

3. **Appeal and error** ☞977(5).

Order overruling motion for new trial will not be reviewed except for an abuse of discretion.

4. **Appeal and error** ☞979(5)—**Verdict for $25,000 for personal injury held not clearly excessive under evidence.**

Where plaintiff, 35 years old and earning from $45 to $50 per week, was severely injured, and two years afterward, and after two surgical operations, was still suffering great pain and unable to do any except very light work, and there was evidence tending to show that his injury was permanent, a verdict for $25,000 was not so clearly excessive as to render overruling for new trial on that ground an abuse of discretion.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Action at law by Alfred Leroy Craven against the Detroit United Railway. Judgment for plaintiff, and defendant brings error. Affirmed.

Frederick T. Harward, of Detroit, Mich. (Wm. G. Fitzpatrick, of Detroit, Mich., on the brief), for plaintiff in error.

Harry C. Milligan, of Detroit, Mich., for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. On December 14, 1923, Alfred Craven was in the employ of the Detroit United Railway, which company owns and operates lines wholly within the state of Michigan, but in addition to its intrastate business it is also engaged in the transportation of freight in interstate commerce. On the above date Craven was engaged as a trolley man and switchman in switching operations in the company's yards at Rochester, Mich., on the Pontiac line of defendant's railroad, and was injured in attempting to couple a car attached to an elec-

tric trolley car to another car then standing on the side track, which was not equipped with an automatic safety coupling device as required by the Safety Appliance Act of March 2, 1893, § 2, as amended by Act March 2, 1903, § 1 (Comp. St. §§ 8605–8615). The defendant pleaded the general issue. Upon the trial of the cause the jury returned a verdict in favor of the plaintiff in the sum of $25,000. A motion for a new trial was overruled, and judgment was entered upon the verdict.

The plaintiff's right to recover is based upon the alleged negligence of the railroad company in failing to equip this car with an automatic coupler that would couple by impact and could be uncoupled without the necessity of a man going between the ends of the cars, as required by the federal Safety Appliance Act, which negligence, it is alleged, was the proximate cause of plaintiff's injuries. It is the claim of the defendant that the federal Safety Appliance Act has no application to a switching operation in the railroad yard of the main line, and that this car was not then and there being used in interstate commerce, but was an empty car necessary to be switched to another track, so that the motorcar could be backed down and coupled to the loaded cinder cars further down on the same track upon which this empty car was standing. While this car was not actually in use at the time Craven attempted to make the coupling, nevertheless it was a part of the equipment of this railroad and used on its main line, whenever needed, either for the transportation of freight or cinders. It further appears that this railroad, while wholly within the state of Michigan, was also engaged in the transportation of interstate commerce.

[1] The amendment of March 2, 1903, to the Safety Appliance Act enlarged the scope of the original act, so as to embrace "all vehicles used on any railway that is a highway of interstate commerce, whether the vehicle is employed at the time or not in interstate commerce." San Antonio & Aransas Pass R. R. Co. v. Wagner, 241 U. S. 476, 36 S. Ct. 626, 60 L. Ed. 1110. An employee of a railroad company engaged in interstate commerce may recover damages sustained by reason of the failure of the company to comply with the provisions of the Safety Appliance Act, though he was not at the time of the accident, resulting in his injury, engaged in interstate commerce, and irrespective of the use of the car at that time. Texas & Pac. R. R. Co. v. Rigsby, 241 U. S. 33, 36 S. Ct. 482, 60 L. Ed. 874. This question

is fully discussed and authorities cited in the opinion of this court written by Simons, J., in B. & O. R. R. Co. v. Hooven (C. C. A. 6) 297 F. 919. It is therefore unnecessary to extend this opinion upon that phase of this case.

[2] It is further insisted that there was a fatal variance between the proofs and the allegations of plaintiff's declaration, in that it was therein averred that the car not equipped with automatic couplers, and which plaintiff was endeavoring to couple to the car attached to the motorcar, was car No. 1817, and that it is conclusively established by the evidence that this car was No. 1830. There is no dispute in the evidence as to identity of the car that caused the injury, or as to its location upon the switch tracks, or that this particular car which caused the injury was not equipped with an automatic coupler. Its number is only a further means of identification, and where it is otherwise fully identified its number is unimportant.

It is also claimed that Craven was guilty of contributory negligence, which would defeat a recovery, in that he failed to use a drawbar furnished for his use on such occasions, that he failed to use a whistle to signal motorman, and that he went between the cars from the inner or short side of the curve, instead of from the long side. While the defense of contributory negligence was available to defendant, it was not pleaded, nevertheless, under the facts and circumstances of this case, and the natural inferences to be drawn therefrom, the question whether Craven was or was not guilty of contributory negligence was not a question of law for the court, but a question of fact for the determination of the jury.

It is further claimed that the court erred in its charge to the jury, and in refusing to give certain charges requested by the defendant. In so far as these exceptions relate to the parts of the charge and refusal to charge in reference to the plaintiff's right to recover for a violation of the Safety Appliance Act resulting in his injuries, it is unnecessary to repeat what has heretofore been said in reference to the application of this act and the amendment of 1903 to the facts of this case. There was no error in the charge as given, or in refusing defendant's requests to charge upon this issue; nor did the court err in refusing defendant's requests to charge in reference to contributory negligence. That question was fully and correctly covered in the general charge.

[3,4] It is also insisted that the verdict is excessive and contrary to the overwhelming

weight of the evidence. That question was presented to the trial court by the motion for a new trial, and the order overruling that motion will not be reviewed or reversed by this court, except for an abuse of discretion.

There is substantial evidence tending to prove that plaintiff was seriously injured; that in an effort to be cured he underwent two operations. There was expert opinion evidence that these operations, and particularly the last one, should have effected a complete cure; but it appears from the evidence that he was not cured, and, at the time of the trial, nearly two years after the accident, he was still suffering great pain and discomfort, and was wholly unable to do any work except "washing dishes, or knitting, or something of that kind." The opinions of the experts that a third operation similar to the second would result in a cure are entitled to consideration, but are not conclusive upon that question. There was also evidence tending to prove that his injuries are permanent, and that he will never be able to do any hard work. At the time of the injury he was 35 years of age, in good health, and earned from $45 to $50 per week; that in the nine years preceding the accident he had lost only three weeks' work. Under this state of the proofs, this court cannot say that the trial court abused its discretion in overruling the motion for a new trial on the ground of excessive damages.

Affirmed.