## HALL ET AL. *v.* WEARE.

1. In a suit upon acceptances amounting to $4,500, the defendants pleaded as a set-off the plaintiff's draft for a like sum, which ha⁴ been indorsed to them by A., the payee thereof, and protested for non-payment. The plaintiff replied that his draft was given as a part of the proceeds of a discount by him of A.'s draft for $5,000, which had been procured by A. upon false and fraudulent representations, and that the consideration for it had wholly failed, of all which the defendants, when they received it, had notice. There was evidence at the trial that the plaintiff had, in a suit against A., recovered $4,000 on account of the $5,000 draft. The court instructed the jury that the issues were those tendered by the plaintiff, and that, if either was found in his favor, he was entitled to recover. *Held*, that while the instruction, so far as given, was correct, its general effect was misleading, as it tended to withdraw from the notice of the jury the evidence that the failure of consideration for the plaintiff's draft was only partial.

2. The decision of a court below, granting counsel the right to open and close arguments to a jury, will not be reviewed here; nor is a refusal to grant a new trial assignable in error.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Emery A. Storrs* for the plaintiffs in error.

*Mr. W. Penn Clarke, contra.*

MR. JUSTICE STRONG delivered the opinion of the court.

This record has been brought up in a shape of which we can

hardly speak in too strong terms of disapproval.   The bill of
exceptions spreads out at length the testimony of numerous
witnesses, in regard to which no question arises that we can
consider; and exception appears to have been taken to almost
every paragraph in the charge.   The whole is like a drag-net,
bringing up in shapeless mass a portion of what occurred at the
trial, apparently in the hope that something might somewhere
be found that would justify a reversal of the judgment.   The
purpose in thus making up the record seems to have been to
treat the case here both as a motion for a new trial and as a
writ of error, and much of the argument has been directed to
showing that the evidence did not justify the verdict that was
rendered.   Eighteen errors have been assigned, some of them
to matters not reviewable in this court, as has often been
decided, and others to matters that were quite immaterial, and
that could have had no possible effect upon the judgment in
the court below.   We shall not consider in detail these assign-
ments.   It is not necessary to a correct decision of the case.
Those that have any apparent soundness only will be noticed.

The plaintiff sued upon two acceptances, together amounting
to $4,500, and the defendants pleaded as a set-off a draft for
$4,500, drawn by the First National Bank of Cedar Rapids, of
which the plaintiff was cashier, upon the First National Bank
of Chicago, and protested for non-payment.   The draft was
dated March 16, 1869.   It was drawn in favor of Charles H.
Hall, and by him indorsed to the defendants.   To these pleas
the plaintiff replied that the draft offered to be set off had been
obtained from the bank by false and fraudulent representations
of Charles H. Hall, the payee, and that the consideration for
it had wholly failed; and, further, that the defendants, when
they received it, had knowledge of the fraud, and of the failure
of consideration.   Following the replications, there were rejoin-
ders and surrejoinders; but the replications tendered the only
material issues between the parties, and to the maintenance of
one side or the other of these issues the evidence was directed.
Thus the case was put to the jury by the Circuit Court.   The
learned judge instructed them as follows: —

" The issues under the pleadings are these: *First*, that the
consideration for the said draft has wholly failed, of which the

defendants had notice at the time they received the same, and that it is not now a valid demand against the plaintiff in the hands of the defendants. *Second*, that the said draft was obtained from the said bank by certain fraudulent acts of the said Charles H. Hall, of which the defendants were cognizant at the time they took the same, and that the said draft is void in the defendants' hands, by reason of said fraud. If either of these issues is found for the plaintiff, he will be entitled to recover."

This instruction is the first error assigned to the charge. That the issues raised by the pleadings were correctly stated is perfectly plain. In our examination of the voluminous pleas, replications, rejoinders, and surrejoinders, we have been unable to find any other, either tendered or accepted. But it is said the court erred in the instruction, that, if either of the issues was found for the plaintiff, he was entitled to recover. The argument is, that, even if there was a failure of consideration for the $4,500 draft, if the bank did not get for it all it was agreed it should have, the evidence was that the bank subsequently obtained $4,000 as fruits of Charles H. Hall's draft for $5,000 of even date therewith, a part of the proceeds of the discount whereof was the draft attempted to be set off. To understand this, it is necessary to look at the evidence. The $4,500 draft was given as part of the proceeds of a discount of Charles H. Hall's draft for $5,000. Both were dated March 16, 1869. The evidence tended to show, that, when the $5,000 draft was offered for discount, Hall stated falsely that former drafts drawn by him upon the defendants, amounting to $12,000 or $13,000, had been accepted, and that collaterals had been put up to secure their payment; that he had grain in value equal to or exceeding $20,000, and that he engaged the $5,000 draft would be accepted and secured by collaterals; that such was his arrangement with the defendants. On the faith of these representations and assurances the $5,000 draft was discounted, and the bank's draft for $4,500 was given on account. The former drafts had in fact not been accepted. Collaterals for acceptance had not been put up. Charles H. Hall had the day previous sold his grain, much less in value than he had stated, and the $5,000 draft was dishonored. It was not accepted, and collaterals were not put up for it. Had these been

all the facts in evidence, the charge would have been strictly correct. What the bank gave its $4,500 draft for was not the draft it got, but that draft to be accepted and secured by collaterals; and when the defendants refused to accept the $5,000 draft, and put up collaterals, the consideration for the bank's draft failed. This would appear very plainly if Hall had himself sued the bank as drawer of the $4,500 bill. It cannot be pretended for a moment that he could maintain such a suit in the face of such a state of facts. And why not? Obviously for the reason that he failed to give the consideration for the bank's contract which he agreed to give. In other words, because, as between him and the bank, the consideration of the latter's contract had failed or been withheld. And if he could not enforce the bank's contract, certainly the defendants cannot, if at the time they took the draft they knew of the agreement between the drawer and the payee, and knew of the stipulated consideration, or knew of the fraud. And such was substantially the charge to the jury. But the judge overlooked, or did not notice, the subsequent recovery by the bank of $4,000, by suit upon the $5,000 draft, of which there was some evidence. It is true, no point was made of this in the court below. The circuit judge was not asked to instruct the jury as to the effect of a subsequent recovery of a part of the $5,000 draft, if there ever was such a recovery, and there was no averment in the pleadings that the bank or the plaintiff had ever obtained any thing in virtue of that draft. And even if the bank did obtain $4,000 by suit upon Hall's draft, some time after it was discounted, there was still a failure of consideration for the bank's draft to the extent of $1,000; and for this reason the plaintiff, if either of the issues was found in his favor, was entitled to a verdict, so far as the consideration had failed. The instruction complained of, therefore, so far as it was given, was correct. If the defendants desired further instruction respecting the extent of the recovery, it was their duty to ask it. We think, however, the general effect of the charge must have been misleading. It tended to withdraw from the notice of the jury the evidence that the failure of consideration for the bank's draft was only partial. Had the bank made no use of the $5,000 draft, had there been no suit upon it, and no

collection of any part of the sum mentioned in it, the jury would have been justified in finding a total failure of consideration for the instrument which the defendant sought to set off. But if Hall's draft has yielded $4,000 to the bank, though that was not the consideration stipulated for, it cannot be said that the consideration of the $4,500 draft has wholly failed. The bank cannot derive a benefit from Hall's draft, and at the same time insist that it got nothing for its own draft. This view of the case, we think, should have been presented to the jury, as bearing upon the amount which the plaintiff was entitled to recover, if the issues, or either of them, were found for him.

We find no other error in the charge. Nor was there any material error in the admission of evidence. There was evidence from which the jury might have inferred that Hall, the defendants, and McAfee were acting in concert, having a common purpose to obtain drafts from the bank, and to cover up Hall's property so that the bank could not reach it. If such was the fact, the acts and declarations of Hall and McAfee in furtherance of the common design were evidence against the defendants. And if that was not so, Hall's declarations and acts were evidence to show his fraud in obtaining the bank draft, and McAfee's declarations were evidence of his fraudulent concert with Hall. Proof of Hall's fraud was legitimate; for it was a protection to the plaintiff, if knowledge of it was brought home to the defendants. The objection to the proof of the contents of the letter from the defendants to Charles H. Hall would be serious, if the letter as proved by the witness could have had any injurious effect upon the defendants' case. But we do not perceive that it could have had any injurious bearing.

It has been assigned for error that the court gave to the plaintiff the opening and close of the argument to the jury. The assignment cannot be sustained. Under the pleadings, the affirmative of the issues framed was upon the plaintiff. He was therefore entitled to the conclusion. But if he was not, the decision of the court awarding it to him is not a subject that will be reviewed here.

The motion for an arrest of judgment was properly overruled. It rested upon no substantial basis, and the refusal to grant a

new trial is not assignable in error, as we have often said here-tofore.

But, for the error in the charge which we have noticed, the judgment must be reversed.

*Judgment reversed, and new trial ordered.*

MR. JUSTICE DAVIS did not sit in this case.