## ECONOMON v. BARRY–PATE MOTOR CO., Inc.

(Court of Appeals of District of Columbia. Submitted Nov. 5, 1924. Decided Jan. 5, 1925.)

No. 4077.

1. Evidence ⬅471(17)—Exclusion of question whether defendant's car would have collided with witness, if witness had tried to stop her car, held proper.

In pedestrian's action for injuries caused by collision of defendant's automobile with that driven by third person, in which third person had testified for the plaintiff, that she had operated automobiles for six or seven years and had given her version as to how the accident occurred, exclusion of question whether defendant's car would have collided with her if she had tried to stop, as leading and calling for conclusion, held proper.

2. Appeal and error ⬅1058(2)—Exclusion of testimony on direct examination harmless, where witness gave testimony on cross-examination.

Exclusion of answer to question on direct examination held harmless, where witness gave excluded testimony on cross-examination.

3. Witnesses ⬅372(2)—Cross-examination as to whether witness had agreement to testify for plaintiff, if plaintiff would not sue witness, held proper.

Cross-examination of plaintiff's witness, as to whether she had agreement with plaintiff's counsel to appear as witness for plaintiff in suit against defendant if plaintiff would not sue her, held proper, as tending to show bias or interest of witness, if any.

4. Trial ⬅296(3)—Instruction pedestrian injured by automobile collision could not recover, if jury could not determine whether negligence of defendant or negligence of third person caused injuries, held not erroneous, in view of other instructions.

Instruction that pedestrian could not recover for injuries from automobile collision, if it was impossible to decide from evidence whether negligence of defendant or negligence of another was proximate cause, without reference to finding to be made if jury believed that accident was occasioned by negligence of both, held not erroneous, in view of other instructions.

5. Appeal and error ⬅263(3)—Trial ⬅255(15)—Failure to instruct as to interest of witness not error, in absence of prayer and exception to charge as given.

Failure to instruct jury as to interest, if any, which witness had in case, held not error, in absence of prayer therefor or exception to charge as given.

6. Appeal and error ⬅1005(1)—Trial court's conclusion as to sufficiency of evidence to sustain verdict not disturbed on appeal.

Trial court's conclusion that there was ample evidence to sustain verdict will not be reviewed on appeal.

7. New trial ⬅143(1)—Court's refusal to consider affidavits of jurors to impeach verdict held not abuse of discretion.

Court's refusal to consider affidavits of jurors that they returned verdict for defendant only because third person, equally at fault, was not joined as a defendant, in support of motion for new trial, held not abuse of discretion.

Appeal from Supreme Court of District of Columbia.

Action by Zemaro S. Economon against the Barry-Pate Motor Company, Inc. Judgment for defendant, and plaintiff appeals. Affirmed.

T. M. Baker, of Washington, D. C., for appellant.

G. B. Craighill and C. B. Tebbs, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an appeal from the Supreme Court of the District of Columbia. The relevant facts are as follows:

The appellant, plaintiff below, was rightfully standing on the sidewalk at or near the intersection of New Jersey avenue and N Street Northwest, in the city of Washington. An automobile of the defendant, operated by its employee, was proceeding northerly on New Jersey avenue and approaching said intersection. Another automobile driven by one Mrs. Rosenberg was moving eastwardly on N street, also approaching the same intersection. The automobiles collided, the front part of the Rosenberg car striking one of the rear wheels of the defendant's. The result was that the Rosenberg car swerved from its course northerly, ran upon the sidewalk, where the plaintiff was standing near a "car stop sign post," knocked her down, and injured her.

The declaration in substance alleged that the defendant's employee so carelessly operated the car he was driving as to cause the collision, and to cause the Rosenberg car to injure the plaintiff. Rosenberg was not joined as defendant, but was a witness in plaintiff's behalf, and gave her testimony by way of deposition. The verdict of the jury was for the defendant.

[1] The first assignment of error relates to the exclusion of the following question asked of Rosenberg on her direct examination: "Do you mean to say that, had you attempted to stop that car, the car which

you were driving, that moving car on New Jersey avenue (referring to defendant's car) would have collided with you?" The question was objected to as leading, as calling for a conclusion, and was excluded.

It is urged by plaintiff that, if Rosenberg had been permitted to answer this question, her answer might have given the jury more light as to defendant's responsibility for the accident, and that its exclusion tended to permit the jury to believe that the witness was unfamiliar with the operation of her automobile. She had, however, without objection, already testified that she had operated automobiles for six or seven years and was thoroughly familiar therewith. She had given her version as to how the accident occurred, saying, among other things, in substance, that when she first saw the defendant's automobile approaching the intersection she figured she had the right of way and could go ahead; thought she could get across without any trouble; that the defendant's employee, Jones, was coming up very fast; that he tried to swerve and pass in front of her in time to get by; that the collision happened before she had time to think; that the front of her car struck the back of his, catching her bumper and pulling her over to the sidewalk; that she did not attempt to avoid the collision by trying to stop her car, because the other car ran too close in front of her, and she knew, if she made a short turn, her automobile might turn over; that she tried to slack down; that she could have stopped almost instantly, certainly within four or five feet. We think the question was properly excluded.

[2] But, passing this issue for the moment, we note that in the cross-examination of the witness the plaintiff got the benefit of her opinion on the subject-matter of the excluded question because, in answer to an interrogatory as to what she did just prior to the collision, she said: "I was just coming straight up N street, when I noticed this car coming down, and I knew, if I were to stop just as my car would stop, he (referring to defendant's employee) would hit me straight in the center, so I just tried to slack down just as much as I could at the time to come to a stop." We find no prejudicial error in the exclusion of this question.

[3] The next assignment is based upon the refusal of the court to exclude a question asked of Mrs. Rosenberg on cross-examination as to whether she had any agreement or understanding with plaintiff's counsel that, if plaintiff did not sue her, she would appear as a witness for the plaintiff in a suit against this defendant? Her answer was, "No." This was proper cross-examination, as tending to show the witness' bias or interest, if any, in the case, and it may be noted that defendant offered no evidence to refute the same.

[4] The court instructed the jury, pursuant to defendant's fifth prayer, as follows: "The burden of proof is upon the plaintiff to establish negligence on the part of the defendant by a fair preponderance of the evidence, and if the jury find that the evidence in this case is so evenly balanced as to render it impossible for them to decide whether the alleged negligence of defendant's employee, Jones, or the alleged negligence of Mrs. Rosenberg, was the proximate cause of the injuries the jury is not to guess between such causes and return a verdict in favor of the plaintiff, but if the jury so finds, this is only one of the many cases in which the plaintiff fails in her proof and no mere sympathy for the unfortunate victim of an accident justifies any departure from settled rules of proof resting upon all plaintiffs."

The plaintiff excepted thereto on the ground that the prayer failed to include any reference as to what the jury should find in the event they believed from the evidence that the accident was occasioned by both the defendant's employee and Mrs. Rosenberg, and that the prayer as granted tended to confuse the jury. This prayer was sound from the defendant's standpoint. Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361.

In addition to this, the court in its charge told the jury that, if they found that the defendant's employee and Mrs. Rosenberg, although acting independently, were negligent in the operation of their respective cars, and that such negligence concurrently resulted in the injuries to the plaintiff, the plaintiff would be entitled to recover against both or either Rosenberg and the defendant, and would be entitled to recover against the defendant in this suit.

[5] It is argued that the court erred in failing to instruct the jury as to what interest, if any, Mrs. Rosenberg had in the case. No prayer upon the subject was presented by the plaintiff, nor was any exception taken to the charge as given, upon which this alleged error can be predicated.

The fifth and sixth assignments of error are based upon the proposition that the jury was guilty of misconduct in reaching its ver-

dict; that it was contrary to the law and the evidence; and that the court, in overruling plaintiff's motion for a new trial based in part upon such misconduct, was guilty of an abuse of judicial discretion.

[6] So far as the alleged error rests upon the claim that the verdict was contrary to the evidence, independent of the affidavit hereinafter referred to, the court below found that there was ample evidence to sustain the verdict, and its conclusion on that issue will not be reviewed here. Holder v. United States, 150 U. S. 91, 14 S. Ct. 10, 37 L. Ed. 1010. The real error relied upon in these two assignments is that the court was guilty of an abuse of judicial discretion in denying the motion for a new trial, because of misconduct on the part of the jury.

The plaintiff relies for proof of such misconduct upon an affidavit, signed by 8 of the jurors, made some 16 days after the verdict was rendered. We quote the material part thereof:

"That the evidence in the case convinced the jury that the plaintiff, Zemaro S. Economon, was entitled to a verdict against both the defendant, Barry-Pate Motor Company, Incorporated, and Mollie Rosenberg; a witness on behalf of the said plaintiff, but not against the said defendant alone, because both the said defendant and the said witness were jointly responsible and both of them should be made to pay for the injuries to the plaintiff. And the jury rendered its verdict for the defendant only because the said witness, Mollie Rosenberg, was not also sued as a defendant in this case, and the jury believed that the said defendant ought not to be made to pay for all of the damage done to the plaintiff, for which the said witness was equally at fault."

It may be admitted that this affidavit, if it can be considered for the purpose of impeaching the verdict, shows that the jury deliberately returned a verdict which they understood was contrary to the evidence, in view of the instructions of the court. They had been explicitly told, as already appears, that, if they found the plaintiff's injury was the result of the concurrent negligence of Rosenberg and defendant's employee, the plaintiff would be entitled to recover against the defendant.

In addition to this, the record shows that the jury came in, asking for further instructions, in response to which the court told them that, if their verdict was for the defendant in the instant case, followed by a judgment thereon, the plaintiff could not at a later date sue the defendant and the other person, Rosenberg, jointly, but that a verdict in favor of the defendant would not preclude a subsequent suit against Mrs. Rosenberg. This was done in the presence of counsel and without objection.

The learned judge below, in denying the motion for a new trial, gave an illuminating opinion, in which he reviewed the law and considered the proceedings before him, including the affidavit. Therein it was well said, in substance, that the question raised by the motion was whether jurors, duly impaneled and sworn to make a true return of the verdict under the law and the evidence, could, in the manner attempted in this case, stultify both themselves and their verdict, and impeach the latter, by the affidavit made after they had been discharged and had separated.

In unmistakable language both this court and the Supreme Court of the United States have held the general rule to be that the testimony of jurors will not be received to impeach their verdict, unless such testimony relates to extraneous influences brought to bear upon them. Mattox v. United States, 146 U. S. 140, 13 S. Ct. 50, 36 L. Ed. 917; Hendrix v. United States, 219 U. S. 79, 31 S. Ct. 193, 55 L. Ed. 102; Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; McDonald v. Pless, 238 U. S. 264, 35 S. Ct. 783, 59 L. Ed. 1300; American Security & Trust Co. v. Kaveney, 39 App. D. C. 223.

In the Mattox Case, referring to earlier decisions of the court, it was pointed out that evidence of overt acts of misconduct, acts which did not essentially inhere in the verdict, should be considered on a motion for a new trial, and it was held that, where the court below refused to consider such evidence by way of affidavits of jurors, it was reversible error. In that case it was claimed that the bailiff who had charge of the jury made remarks in their presence and hearing which were prejudicial to defendant, and also that a newspaper containing comments upon the case, which were likewise prejudicial, was read in the presence and hearing of the jury while engaged in their deliberations.

In the case of McDonald v. Pless, supra, the court fully considered the whole matter of impeaching verdicts by the testimony of jurors, and concluded that such a course was against public policy. It used this significant language: "When the affidavit of a juror, as to the misconduct of himself or the other members of the jury, is made the basis of a motion for a new trial the court·

must choose between redressing the injury of the private litigant and inflicting the public injury which would result if jurors were permitted to testify as to what had happened in the jury room."

The court found that, if the facts were as stated in the affidavit in that case, the jury had adopted an arbitrary and unjust method of arriving at their verdict, and, if so, the party injured ought to have had relief, "if the facts could have been proved by witnesses who were competent to testify in a proceeding to set aside the verdict." It then remarked:

"But let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication, and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation the constant subject of public investigation, to the destruction of all frankness and freedom of discussion and conference."

[7] In the case at bar, the court below has given careful consideration to the affidavit of jurors, and evidently has concluded to adhere to the general rule, based upon public policy, announced in the case of McDonald v. Pless, supra. We think this was a lawful and wise exercise of its judicial discretion, and not an abuse thereof.

The judgment below is affirmed, with costs.