### PULLMAN CO. v. HALL.
#### No. 3083.

Circuit Court of Appeals, Fourth Circuit.
Jan. 13, 1931.

Mason P. Morfit, of Baltimore, Md. and J. M. B. Lewis, Jr., of Bluefield, W. Va. (McClaugherty & Lewis, of Bluefield, W. Va., on the brief), for appellant.

Russell S. Ritz, of Bluefield, W. Va. (H. F. Porterfield, of Bluefield, W. Va., on the brief), for appellee.

Before PARKER, Circuit Judge, and COLEMAN and GLENN, District Judges.

PARKER, Circuit Judge (after stating the facts as above).

■ The exception to the refusal to strike the case from the trial calendar at the June term is entirely without merit. It is true that defendant had thirty days after the filing of the petition and bond within which to file the certified transcript of the record in the clerk's office; but the thirty days allowed for answering ran, not from the expiration of the thirty days allowed for filing the transcript, but from the actual filing thereof. Judicial Code, § 29 (28 USCA § 72). The defendant was allowed for answering the full thirty-day period after the filing of the transcript; and it is immaterial that, because of the judge's order, the transcript was filed earlier than it might otherwise have been. Even if the judge was without authority to make that order, which we do not decide, defendant obeyed it without objection or protest, and, upon the filing of the transcript, the thirty days allowed for answering began to run. The judge finds that the defendant had had a copy of the declaration since the preceding March; and, under these circumstances, we think that he was well within his discretion in ordering the case to trial on June 26th.

■ Upon the trial of the case a number of errors were committed, however, which entitle defendant to a new trial. In the first place, there was error in striking out the testimony of the witness Turner to the effect that immediately after the alleged assault plaintiff made no charge that the porter, Patterson, had touched her. She had testified that Patterson had placed his hands upon her; and her whole theory of the case was that she was shocked and frightened by the indecent nature of the assault. It was a strong circumstance in contradiction of her testimony that she made no such charge immediately after the occurrence of which she complains.

■■ There was error also in excluding the deposition of Gellatly. Patterson had testi-

fied that he smelled liquor in plaintiff's berth; and it was certainly a circumstance corroborative of his testimony that plaintiff had had several drinks of whisky shortly before retiring and had whisky in her possession when she was left by Gellatly. We think, too, that the testimony was admissible for another reason. Plaintiff's claim for damages was based upon shock and injury to the feelings; and, in passing upon the extent of that injury, it was the duty of the jury to consider all of the surrounding circumstances. The fact that the plaintiff may have been drinking with a stranger did not, of course, absolve the defendant from liability for the wrongful act of its servant; but it was a circumstance to be considered by the jury in determining to what extent she was in reality shocked and frightened by the occurrence complained of. For this reason, there was also error in the portion of the charge marked "(c)," quoted in the statement of facts.

And we think it was prejudicial error for the court to tell the jury, as he did in the portion of his charge marked "(e)," that he saw no value in the testimony of the witness Lena T. Stephens. This witness was a woman passenger, a school teacher, presumably a person of character, and without interest in the controversy. She testified that the complaint of plaintiff at the time of the occurrence was, not that the porter had been placing his hands upon her, but that he had been going through her belongings. She testified also that plaintiff said to him that she lay and watched him and, if she had had a gun, would have shot him. This was testimony of a statement made by plaintiff immediately after the occurrence inconsistent with her testimony that she was awakened by the porter placing his hands upon her, and was important as contradicting and impeaching her testimony given upon the trial. The fact, if it was a fact, that plaintiff made no complaint at the time of the occurrence of the porter having placed his hands upon her would put an entirely different aspect on the case from that presented by her testimony. The testimony of this witness, therefore, was competent, relevant, and, from defendant's standpoint, not only material, but important. It was error for the judge to tell the jury that he saw no value in it. The trial judge may, of course, express an opinion upon the facts; but he may not withdraw material evidence from the consideration of the jury; and it is reversible error to submit the evidence and theory of one party prominently and fully, as was done here, and not call attention to the main points of the opposite party's case. Weiss v. Bethlehem Iron Co. (C. C. A. 3d) 88 F. 23, 30; Hall v. Weare, 92 U. S. 728, 23 L. Ed. 500.

There was error also in the portions of the charge marked "(a)" and "(b)," wherein the court instructed the jury that the defendant had ratified the acts and conduct of the porter by retaining him in its service. This question of ratification had no place in the case as made by the pleadings or as submitted to the jury. It was pertinent only on the question of punitive damages; and, not only did the judge not submit that question to the jury, but no proper basis for punitive damages had been laid in the pleadings. Norfolk & Portsmouth Traction Co. v. Miller (C. C. A. 4th) 174 F. 607; N. & W. R. Co. v. Reeves, 97 Va. 284, 288, 33 S. E. 606. If such question had been presented, the ratification of the wrongful conduct of the porter would have been a pertinent inquiry; but, where the only issue was as to actual damages, and the defendant was liable for such damages because of the wrongful conduct of its servant, irrespective of ratification, the charge had a tendency to mislead the jury into thinking that ratification by the defendant was one of the elements to be considered in arriving at the amount of damages to be awarded.

And, apart from the fact that no basis was laid in the pleadings for an award of punitive damages, we think that, as applied to the facts of the case, the charge was clearly erroneous. It is true that ordinarily the master is not liable for the wrongful acts of the servant committed beyond the line of his duty or the scope of his employment, and that to authorize recovery in such cases it must be shown that the master either authorized or ratified the wrongful act. There is an exception to this rule, however, in the case of a master, who, as the defendant here, has undertaken the safe carriage and protection of the person injured. In such case, there may be recovery of actual damages arising from the wrongful act of the servant, notwithstanding such act was beyond the line of duty and the scope of employment and was neither authorized nor ratified by the master. Williams v. Pullman Palace Car Co., 40 La. Ann. 87, 3 So. 631, 8 Am. St. Rep. 512; Howe v. Newmarch, 12 Allen (Mass.) 55; Goddard v. Grand Trunk R. Co., 57 Me. 202, 2 Am. Rep. 39. To justify the recovery of punitive damages in such case, however, there must be either authorization or ratification by the master. Lake Shore & Michigan Sou. Ry. Co.

v. Prentice, 147 U. S. 101, 13 S. Ct. 261, 37 L. Ed. 97; Hagan v. Providence & Worcester R. Co., 3 R. I. 88, 62 Am. Dec. 377; Hogg v. Plant, 145 Va. 175, 133 S. E. 759, 47 A. L. R. 308. Ratification involves the adoption of the act of the servant with knowledge of the facts; and mere retention of the servant in the service of the master does not necessarily amount to ratification, although in some cases it may be a circumstance to be considered by the jury, with the other evidence in the case, as bearing upon that question. Norfolk & Portsmouth Traction Co. v. Miller, supra; Toledo, St. L. & W. R. Co. v. Gordon (C. C. A. 7th) 143 F. 95; Dillingham v. Russell, 73 Tex. 47, 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753, 762. Under the circumstances of this case, retention of the employee in the service of defendant not only did not of itself establish a ratification by the defendant of his improper conduct, but we do not think that that circumstance taken with the other evidence in the case would have warranted a finding that there was such ratification. Even if punitive damages had been asked, therefore, there was no basis for the instruction that the defendant had ratified the porter's conduct. As stated above, the plaintiff was entitled to recover actual damages irrespective of ratification; and the charge on ratification had a tendency to mislead and was clearly prejudicial.

And we think, also, that the portions of the charge marked "(f)" and "(g)" were erroneous and prejudicial. There was no evidence that the investigation made at the instance of the defendant was conducted otherwise than properly, correctly, truthfully, and decently, and there was no occasion for raising any question with regard thereto. And there was no basis for allowing the jury to consider against the defendant the fact that it retained the conductor in its service after he had introduced Gellatly with liquor in his possession to plaintiff. The fact that the conductor may have countenanced a violation of the liquor laws under the circumstances detailed might have been considered in passing upon his credibility and the weight to be given his testimony, but the fact that defendant retained him in its service had nothing to do with the matter. It was not a circumstance bearing either upon the conductor's credibility or upon plaintiff's damages.

Because of the errors mentioned, the judgment of the court below must be reversed, and the case remanded for a new trial.

Reversed.