**DAVIS v. UNITED STATES.[*]**
**In re DAVIS.**
**No. 6208.**

Circuit Court of Appeals, Fifth Circuit.
April 2, 1931.

Rehearing Denied May 5, 1931.

Jesse E. Martin and Wm. J. Berne, both of Fort Worth, Tex., for appellant.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

After the appeal to this court was perfected, leave was sought by the appellant to file a motion for a new trial in the District Court because of alleged misconduct of the trial jury. Following the practice established in Perry v. United States, 39 F.(2d) 52, we directed that the evidence relied on to support the motion be taken before the trial judge under cross-examination and submitted to our consideration. This has been done. The evidence consists only of the testimony of two of the jurors to the effect that in the jury room, while considering the case, the fact that the defendant had not taken the witness stand in his defense was by at least three jurors brought into discussion as indicating guilt, and that that fact had weight with the two jurors testifying in

*Rehearing denied May 5, 1931.

concluding that he was guilty. They testified that they had not heard the instruction of the court that they should not discuss or consider the failure of the defendant to testify. We must sustain the contention made in behalf of the United States that this showing is wholly insufficient as the basis for a grant of a new trial. As a matter of public policy, a juror will not generally be heard to impeach his verdict by testifying to his own misconduct or that of his colleagues. McDonald v. Pless, 238 U. S. 264, 35 S. Ct. 783, 59 L. Ed. 1300; Lancaster v. United States (C. C. A.) 39 F.(2d) 30. The precise question here raised, whether a juror may testify that improper argument was made by jurors in the jury room, and that it had effect in forming the verdict, was answered in the negative in Williams v. United States (C. C. A.) 3 F.(2d) 933. See, also, Salibo v. United States (C. C. A., No. 5752), 46 F.(2d) 790, present term.

It appearing that there is no evidence on which a new trial could properly be awarded, we decline to remit the case to the District Court for the purpose of filing and considering the motion.