## NATIONAL SURETY CO. v. JEAN.

### No. 5959.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

A. L. Heiskell, of Memphis, Tenn. (Milton J. Anderson, of Memphis, Tenn., on the brief), for appellant.

John VorderBruegge and Charles M. Bryan, both of Memphis, Tenn., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

This case was before us at an earlier stage in National Surety Co. v. Jean, 36 F.(2d) 468, 471, 68 A. L. R. 1326. It is an action for damages upon an attachment bond. The attachment was levied upon the store of appellee on February 18, 1921. On March 18, 1921, appellee filed her voluntary petition in bankruptcy. The prior opinion carried a carefully prepared formula for the measurement of damages. It said: "Injury to credit, loss of profits, diminution of business, or other loss directly attributable to the attachment might be recovered, but the period for the computation of such damages ended, so far as damage to her business was concerned, with the filing of the bankruptcy petition."

Upon the second trial the court instructed the jury in accordance. The jury returned a verdict for $25,000.

There was a motion for a new trial upon various grounds. The first, second, third, and ninth relate to the alleged excessiveness of the verdict. In the second and third appellant sets forth manifestations only of an excessive verdict; that is, that the verdict shocks the sense of justice, shows an utter disregard for the charge of the court, and is contrary to the law as charged by the court. These grounds advance no cause or reason for the alleged misconduct of the jury.

The first and ninth grounds have a more substantial basis. Read together, they are

in substance that there was an excessive verdict which was the result of passion, prejudice, and caprice engendered in the minds of the jury by the closing argument of counsel. The gist of the complaint was that the force of this argument impelled the jury to consider elements of damage neither alleged nor proved. The remarks of counsel were preserved, but we do not find it necessary to discuss nor determine the propriety thereof. That matter came before the court upon the motion for a new trial. The court determined the motion in a memorandum opinion which gave particular consideration to the co-related grounds (1) and (9). The opinion[1] stated: "So it is now before me on motion for a new trial, the main ground of which is 'the damages assessed by the jury are excessive.' I should have said that the present jury fixed the damage at $25,000.00 and it is argued now that that is unreasonable and *shows malice, caprice or excitement and that it is for that reason I should at least order a remittitur."* (Italics ours.)

Then, after a rather full discussion touching the elements of damage involved, the court concluded that its conscience would rest easy if it should suggest a remittitur of $5,000. The memorandum continued: "I believe if a remittitur of $5,000.00 be entered I will overrule the motion for a new trial."

This was a definite, though indirect, holding that the verdict was excessive, and, although the memorandum contains no specific

[1] Not for publication.

statement to that effect, we infer that the court ascribed the error to passion, prejudice, or caprice as these were the only causes urged as a basis for its action or mentioned in the memorandum. Indeed, an examination of the record discloses no other reasonable explanation for the holding. The suggested remittitur was accepted, judgment for $20,000 was entered, and the motion for a new trial was overruled. Appellant excepted and assigned error.

The granting or denial of the motion was in the sound discretion of the trial court, and is not reviewable except for a clear abuse of discretion [Hines v. Smith, 270 F. 132, 141 (C. C. A. 6); Parker v. Elgin, 5 F.(2d) 562, 564 (C. C. A. 6); Kos v. Baltimore & Ohio R. R. Co., 28 F.(2d) 872 (C. C. A. 6); Detroit United Ry. v. Craven, 13 F.(2d) 352, 354 (C. C. A. 6)], but we do not find it necessary to determine whether there was such abuse in the present case since the trial court itself evidently found that the excessive verdict was the result of passion, prejudice, or caprice. Our question is whether after such finding the trial court may correct the mistake by the suggestion and acceptance of a remittitur, and the answer is that it could not. See Minneapolis, St. Paul & Sault Ste. Marie Ry. Co. v. Moquin, 283 U. S. 520, 51 S. Ct. 501, 75 L. Ed. 1243; Schendel v. Bradford, 106 Ohio St. 387, 394, 395, 140 N. E. 155. The remedy is a new trial.

The judgment is therefore reversed.