BRABHAM, Sheriff, et al., v. STATE OF MISSISSIPPI, for Use of SMITH et al.*

No. 8671.

Circuit Court of Appeals, Fifth Circuit.

April 19, 1938.

*Rehearing denied 97 F.2d 251.

Earl Brewer, of Jackson, Miss., and O. W. Phillips, of Magnolia, Miss., for appellant.

James N. Ogden, of Magnolia, Miss., and Myron S. McNeil, of Hazlehurst, Miss., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was brought against the sheriff and two deputies, to recover damages al-

leged to have been inflicted upon plaintiff, a minor. The claim was that while acting as the sheriff's deputies, and within the scope of their duties as such, Varnado, as actor, and Cutrer, standing by as aider and abettor, had wrongfully, cruelly, and oppressively beaten plaintiff, a fifteen year old boy, and that the sheriff and deputies alike were liable in damages, compensatory and punitive.

Defendants first moved to dismiss, for want of the requisite diversity of citizenship, upon the ground that the minor, plaintiff, was a citizen of Mississippi. This motion overruled after a full hearing, the defendant Brabham separately, and the defendants Cutrer and Varnado jointly, filed a plea of the general issue. Thereupon the case came on for trial before the judge and a jury, and evidence was offered which, if believed, fully sustained plaintiff's claim that his injuries were wantonly and recklessly inflicted. Motions to direct verdicts as to each defendant were overruled; defendant Brabham's requested instruction that he could not be held in punitive damages was refused. His objection to the general charge, that if the jury found the deputy liable in punitive damages, they should find the sheriff liable too, was overruled. The cause, sent to the jury on a general charge, resulted in a verdict and judgment exonerating Cutrer, and against Brabham and Varnado for $15,000.

These two defendants filed a vigorous motion for a new trial, among the grounds of which were: (1) That the verdict and judgment was excessive; (2) that the instructions generally, and especially with regard to the recovery of compensatory and punitive damages, were confusing and misleading; (3) that the charge of the court submitting, and the verdict of the jury finding, punitive damages as to Brabham was fundamentally erroneous; (4) supported by affidavits of jurors, that the jury in their retirement unlawfully discussed and were influenced by prejudicial and extraneous matters, to wit, the obligation of the surety company on the sheriff's bond to pay $10,000; (5) that defendants have discovered new and material evidence which they did not know, and could not find out upon the former trial. This motion being fully heard on evidence and affidavits, and taken under advisement, the court concluding that it had committed no prejudicial error in the conduct of the trial,

but that the verdict was so grossly excessive as to really amount to an injustice, ordered that unless the plaintiff entered a remittitur of $5,000 within ten days, the motion for new trial should be sustained, on the ground of an unjustly excessive verdict.

In the course of his opinion the judge declared: "I, of course, realize that it should be a rare case when the Judge interferes with the verdict of the jury, and that the Judge should never displace the judgment of the jury upon a question of damages unless he is of the opinion that it is so grossly excessive as to really amount to an injustice, and particularly is this rule applicable when punitive damages are allowable. But even in the allowance of punitive damages it was never intended that the punishment to the offender by verdict for damages should be so unreasonable as to amount to an injustice, and in this character of case it is not only the right of the Judge, but it is his duty, to see that a verdict in amount oppressive should not be permitted to stand. Following this rule, I am constrained to require a remittitur down to $10,000.00 and if the plaintiff will enter the remittitur within ten days, the motion for a new trial will be overruled."

This appeal tests whether there was error in the conduct of the trial before the verdict, and whether, after the verdict, there was an abuse of discretion in overruling the motion for a new trial.

We have given careful consideration to the errors assigned. We agree with the trial judge that diversity of citizenship was present. We think this is so whether the cause be regarded as defendants in their motion to dismiss viewed it, as a suit by the minor by next friend, or as in their motion for new trial they declared, and as the judge in directing the judgment ruled, it was, as a suit by the father of the minor in his representative capacity. If it be regarded as the minor's suit, the evidence amply sustains the finding of diverse citizenship. If it be regarded as a suit by the father in his representative capacity, it is quite plain that such representative is authorized by the Mississippi statutes to sue, and that failure to comply with the precise requirements of those statutes may be, and was, waived. Fort Fairfield Nash Co. v. Noltemier, 135 Me. 84, 189 A. 415, 108 A.L.R. 1276.

■ As to Varnado, we agree with the District Judge, too, that the conduct of the trial on the merits, up to the verdict, was without error of which defendants can complain. The only exception he took was to the order overruling his wholly unfounded separate motion. But for his own highly improbable evidence that, armed as he was, with a pistol and a blackjack, and supported by the presence of another officer, he was in such fear of plaintiff that he struck the youth down, either with his pistol or his blackjack, the jury should have been directed to find against him. There is therefore no ground to seriously contend for the instruction that he asked.

■ As to his request for an instructed verdict, Brabham stands in no better condition. Though the evidence did not make out a case for an instructed verdict for the plaintiff, it certainly entitled him to go to the jury. The only other exception Brabham took was to the charge given and that refused, upon the issue of his liability for punitive damages.

The District Judge, in overruling this ground of the motion for a new trial, put his finger precisely on the reason why there was reversible error here. He said: "With reference to the charge on punitive damages, will say that in my judgment the sheriff ratified the acts of the deputies, and it was upon this theory that the Court originally gave the charge that punitive damages could be allowed. * * * I am therefore clearly of the opinion that there was a ratification of the conduct of the deputies."

■■ In thus settling the issue of ratification against the sheriff as matter of law, instead of submitting it to the jury, the court went further than the evidence permitted him to go. The evidence as a whole raised a fact issue as to ratification. Because it did, it would have been error to charge as the sheriff in effect requested, that he could not in any event be held liable in punitive damages. Because it did, the court should have charged the jury, under appropriate instructions, that though Varnado was found liable in punitive damages, the sheriff could not be so found unless he ratified the acts of Varnado; but that if he did ratify them, he would be liable in the same way and to the same extent, as Varnado would be for such damages. If the sheriff had asked a charge that unless the jury found that he had ratified the acts of Varnado, they could not hold him in punitive damages, it should have been given. Pullman Co. v. Hall, 4 Cir., 46 F.2d 399; Dillingham v. Russell, 73 Tex. 47, 11 S.W. 139, 3 L.R.A. 634, 15 Am.St.Rep. 753; W. U. Tel. Co. v. Aldridge, 9 Cir., 66 F.2d 26, 89 A.L.R. 352; Lake Shore & M. S. v. Prentice, 147 U.S. 101, 13 S.Ct. 261, 37 L.Ed. 97.

■ Though he did not request such a charge, nor except to the charge as given because it was not so qualified, we think that upon the record before us it was clearly reversible error to assume, and therefore in effect to charge, as the court did, that the sheriff had ratified the acts of his deputies and was liable in punitive damages, if they were.

■ We agree with appellants, too, that a new trial ought to have been granted instead of trying to ameliorate a verdict which the trial judge concluded was oppressive and amounted to an injustice. The resentment and revulsion of feeling against what the jury apparently regarded as acts of high-handed oppression on the part of a petty officer, and as callousness toward those acts implied in retaining him in office, evidenced by the highly punitive character of the verdict, while natural and reasonable enough in determining who should be selected as officers of a community, have no place in the jury room. Verdicts made excessive by the passion and prejudice springing from indulgence, in the jury room, in such feelings, may not be cured by a remittitur, but only by a new trial. National Surety Co. v. Jean, 6 Cir., 61 F.2d 197; Minneapolis, St. P. & S. S. M. R. Co. v. Moquin, 283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243; Fairmount Glass Works v. Coal Co., 287 U.S. 474, 485, 53 S.Ct. 252, 77 L.Ed. 439; c/f F. W. Woolworth Co. v. Wilson, 5 Cir., 74 F.2d 439, 98 A.L.R. 681; On the general question of power over verdict, c/f Dimick v. Shiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150.

The District Judge felt as the jury did, and as we do, the outrageousness of Varnado's conduct, if, as the jury evidently believed, the circumstances of the arrest were as plaintiff's evidence declared them to be. He regretted, as we do, that the jury in the course of considering the damages appropriate to be awarded was carried away by a sense of that outrage. He

thought that a remittitur would restore to the verdict the cool justice that it lacked.

 We understand the law to be otherwise. We understand that while mere excessiveness in the amount to be awarded may be cured by a remittitur, that excessiveness which results from passion and prejudice, however natural the resentment which arouses it, may not be so cured.

 On the other ground for setting the verdict aside, the misconduct of the jury in discussing the liability of the surety company, it is the view of the majority that there was no error. They think the court below correctly held this to be a case for the application of the general rule that jurors will not be heard to impeach their own verdict by stating what they considered and thought in arriving at it. McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; Davis v. U. S., 5 Cir., 47 F.2d 1071; Economon v. Barry-Pate Co., 55 App.D.C. 143, 3 F.2d 84; Lancaster v. U. S., 5 Cir., 39 F.2d 30; Ramsey v. United States, 6 Cir., 27 F.2d 502; Stewart v. United States, 8 Cir., 300 F. 769-788; Consolidated Rendering Co. v. New Haven Hotel Co., D.C., 300 F. 627.

The writer dissents from this view. He thinks the case is within the exception to the rule. Southern Pac. Co. v. Klinge, 10 Cir., 65 F.2d 85. He thinks that in refusing to consider the affidavits of the jurors, to determine if what they stated was so, and the effect of it, the court did not use, but refused to use, its discretion, and that, under our case of City of Amarillo v. Emery, 5 Cir., 69 F.2d 626, his failure to do so was reversible error.

The judgment is reversed, and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

HOLMES, Circuit Judge (dissenting in part and concurring in part).

Aside from the excessive verdict, which was reduced, I find nothing in the record to indicate bias, prejudice, or passion on the part of the jury. Exercising a sound discretion, the trial court overruled the motion for a new trial because the necessity therefor on this ground was avoided by the remittitur. This court should not interfere with such discretion. Minneapolis, St. P. & S. S. M. R. Co. v. Moquin,

283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243, is not controlling here because, in that case, the misconduct of counsel for the plaintiff incited the passion and prejudice which affected the verdict. In the later case of Dimick v. Shiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150, which recognized the authority of federal courts to deny a motion for a new trial because of an excessive verdict, if the plaintiff will remit the excess, the court says that this authority is imbedded in long practice and has plausible support in the view that what remains of the recovery was found by the jury.

I agree that the court erred in its charge upon punitive damages. The issue of ratification by the sheriff of the acts of his deputy should have been submitted to the jury. This court may notice a plain error, in the interest of justice, even though not excepted to on the trial. I also concur in the ruling that the court did not err in refusing to hear the testimony of jurors in impeachment of their verdict.