## HOUSTON COCA–COLA BOTTLING CO. v. KELLEY et al.

### No. 10202.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1942.

W. M. Ryan, of Houston, Tex., for appellant.

Ewing Werlein, of Houston, Tex., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for damages for personal injuries caused plaintiff, Mrs. Kelley, by glass taken into her mouth while drinking from a coca-cola bottle, filled, capped and distributed by defendant for resale to the public. The negligence claimed was failure to exercise ordinary care to prevent pieces of glass from getting into the bottle while it was being filled, and to inspect it before it was sold and delivered, with glass in it, for resale to the public.

A trial to a jury resulted in a verdict and judgment for $10,300, and defendant has appealed, assigning two errors as grounds for reversal. One of these is, that the court erred in denying defendant's motion to have the jury taken to its plant for a view of the machinery employed by

it in the washing, sterilizing, filling and capping process. The other is, that it erred in overruling appellant's motion for new trial for excessiveness in the jury verdict. Neither of the grounds presents reversible error. The motion for a view was addressed to the discretion of the trial court, and the record wholly fails to show an abuse of that discretion. Had the court granted the requested view, defendant could not have successfully assigned error.[1] Neither may defendant complain of its denial. On its second point, appellant stands no better, for, apart from the fact that, as appellees point out plaintiffs' evidence made out a case of serious and prolonged nervous and physical damages and distress, a complaint of excessiveness in a verdict normally presents merely an error of fact and, therefore, nothing for appellate review. Southern Ry. Co. v. Walters, 8 Cir., 47 F.2d 3. Said this court in Southern Ry. v. Montgomery, 5 Cir., 46 F.2d 990, 991: "We have no jurisdiction to correct a verdict because it is excessive". Cf. Swift & Co. v. Ellinor, 5 Cir., 101 F.2d 131. The duty of granting a new trial in a jury case for, or otherwise correcting, excessiveness in fact in a verdict, is exclusively that of the trial judge, and the granting or denial of a new trial on the ground of excessive damages is a matter of discretion with the trial court, not subject to review except for grave abuse of discretion. Department of Water & Power v. Anderson, 9 Cir., 95 F.2d 577; Natl. Surety Co. v. Jean, 6 Cir., 61 F.2d 197; Chambers v. Skelly Oil Co., 10 Cir., 87 F.2d 853. In Fairmount Glass Works v. Coal Co., 287 U.S. 474, at page 481, 53 S.Ct. 252, 254, 77 L.Ed. 439, where inadequate damages were complained of, it was said, citing many cases: "The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions; and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or were inadequate. The rule precludes likewise a review of such action by a Circuit Court of Appeals."

In Maryland Cas. Co. v. Reid, 76 F.2d 30, 33, this court, said: "At common law and by statute, the federal District Judge is charged with the duty of granting a new trial in a jury case where, in his opinion, it went unjustly and injuriously out of bounds. This court, as to law cases, is a court of error. We do not retry the case. We review the record made in it for reversible error, error by the judge, in conducting or failing to conduct the trial, which has, by permitting the case to get out of bounds, prejudiced the just result."

A circuit court of appeals, therefore, does not undertake to determine whether a verdict is excessive but only whether the district court abused its discretion in granting or refusing a new trial on the grounds of excessiveness. Detroit Taxicab Co. v. Pratt, 6 Cir., 2 F.2d 193. It will not reverse the action of the district court in granting or denying a motion for a new trial for claimed error of fact in awarding excessive or inadequate damages. Paf Mfg. Co. v. Polk Co., 8 Cir., 72 F.2d 33. In Brabham v. State of Mississippi, 5 Cir., 96 F.2d 210, where the district judge, determining that the verdict was excessive and that the excessiveness exhibited the influence on the jury of passion or prejudice, had attempted to cure it by requiring a remittitur, we held, under the peculiar circumstances of the case, that the judge had abused his discretion in not granting a new trial. Natl. Surety Co. v. Jean, supra, and Minneapolis, St. P. & S. S. M. R. Co. v. Moquin, 283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243, were like cases. Here there was neither finding nor intimation by the district judge that the verdict was, in his opinion, the result of passion or prejudice, and nothing in the record points to any basis for the conclusion that it was, Witham Const. Co. v. Remer, 10 Cir., 105 F.2d 371. The most that can be said on this record is that there was, or may have been, an error of fact in the amount of the damages awarded, and with errors of fact in jury verdicts we have nothing to do.

The judgment is affirmed.

---

[1] Olsen v. North P. L. Co., C.C., 106 F. 298; Owens v. Missouri P. R. Co., C.C., 38 F. 571; Forbes v. United States, 5 Cir., 268 F. 273; McCormick & Ray, Tex.Law of Evidence, 853-4; Wigmore on Evidence, p. 1364, sec. 1164; 22 C. J. 767; 32 C.J.S., Evidence, § 602; Bellingrath v. Anderson, 203 Ala. 62, 82 So. 22; Moore v. Macon Coca-Cola Bottling Co., 180 Ga. 335, 178 S.E. 711.