Kevin J. **VILLAR**

v.

**WILCO TRUCK RENTALS, et al.**

**Civ. A. No. 83–111–B.**

United States District Court,
M.D. Louisiana.

Jan. 6, 1986.

Lewis O. Unglesby, Donald T. Phelps, J.J. McKernan, Robert Vandaworker, Baton Rouge, La., for Kevin J. Villar.

Grayson H. Brown, and Terry J. Butcher, Baton Rouge, La., for intervenor Travelers Ins. Co.

Thomas E. Balhoff, Paul Marks, Jr., Charles A. Schulte, Jr., Owen, Richardson, Taylor, Mathews & Atkinson, Baton Rouge, La., for Wilco Truck Rentals.

Paul B. Deal, Michael T. Cali, New Orleans, La., for Budd Co.

Paul Marks, Jr., Charles A. Schulte, Jr., Owen, Richardson, Taylor, Mathews & Atkinson, Baton Rouge, La., for Midland Ins. Co., and W.T.R. Transport.

Edward E. Rundell, Alexandria, La., for Fruehauf Corp.

POLOZOLA, District Judge:

Kevin J. Villar brought this suit seeking damages for personal injuries he sustained when a wheel or rim [1] on a truck tire plaintiff was changing exploded into the air. Villar sued The Budd Company (Budd), the manufacturer of the rim involved in the accident, alleging the rim was defectively manufactured.[2] When the rim exploded, it struck Villar's arm causing compound injuries to the arm and elbow. The tire struck Villar in the head causing a cerebral concussion and rendered him unconscious for approximately thirty minutes. Eight days after the accident, plaintiff's arm was amputated after the initial emergency surgery failed.

This case was tried before a jury which found Budd liable and awarded plaintiff the sum of $1,000,000.

Following the verdict, Budd filed several post-trial motions. The court denied Budd's motions for directed verdict, judgment notwithstanding the verdict, and new trial on the issue of liability.[3] This matter is now before the court on Budd's motion for a new trial on the issue of damages or, alternatively, for remittitur.

After carefully reviewing the evidence in this case, the court finds that the verdict rendered by the jury is clearly excessive and was not based on or supported by the evidence presented at the trial. The court further finds that the jury's verdict was obviously tainted by undue sympathy on the part of the jury in favor of the plaintiff. Since the amount of the verdict is clearly and unreasonably excessive under the facts of this case, the court hereby

1. The parties referred to the rim as a "wheel" many times during the testimony. For clarity purposes the court will use the words "rim" and "tire" in this opinion, with the understanding that the words "rim" and "wheel" mean the same.

2. Villar also sued numerous other defendants with whom he either settled or dismissed prior to trial.

3. The court denied these motions on September 6, 1985. Budd has already filed an appeal with the Fifth Circuit Court of Appeals on this ruling. This court does not believe it has lost jurisdiction herein to rule on the remaining motions which pertain to quantum. At the same time, the court expresses no opinion as to whether the appeal taken by Budd is proper or valid under the Federal Rules of Appellate Procedure.

grants Budd's motion for a new trial on the issue of damages.[4]

■ The question of whether a new trial on the basis of excessive damages should be granted is a purely procedural one governed by federal law. *Giancontieri v. Pan American World Airways*, 767 F.2d 1151, 1155 n. 4 (5th Cir.1985); *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233 (5th Cir.1985). The federal standard to be applied in determining when a verdict is excessive was set forth by Judge Rubin in *Caldarera v. Eastern Airlines*, 705 F.2d 778, 784 (5th Cir.1983), as follows:

> The jury's award is not to be disturbed unless it is entirely disproportionate to the injury sustained. We have expressed the extent of distortion that warrants intervention by requiring such awards to be so large as to "shock the judicial conscience," "so gross or inordinately large as to be contrary to right reason," so exaggerated as to indicate "bias, passion, prejudice, corruption, or other improper motive," or as "clearly exceed[ing] that amount that *any* reasonable man could feel the claimant is entitled to." [footnotes omitted]

■ The amount of the verdict in this case meets each of the criteria set forth in the *Caldarera* opinion because the verdict: (1) does shock the judicial conscience of this court; (2) is so gross as to be contrary to right reason; (3) is exaggerated and excessive to indicate bias, passion and prejudice by the jury in favor of the plaintiff; and (4) clearly exceeds the amount that any reasonable man could find under the facts of this case. The amount of the verdict in this case, when compared to other awards for similar injuries,[5] is grossly excessive.

**4.** Although the court has previously denied Budd's motion for a new trial on the issue of liability, the law is clear that a new trial can be granted on one issue but denied as to another. *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1242 (5th Cir.1985); *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 282 (5th Cir.1975); *Pingatore v. Montgomery Ward & Co.*, 419 F.2d 1138, 1142–43 (6th Cir.1969). In *Edwards* the court stated: "A jury's finding as to liability can be binding even though its monetary award is found to be excessive or even improperly influenced—our deference to and faith in the jury system demands at least this much." 512 F.2d at 282.

The defendant strenuously contested liability in this case. It cannot be said, however, that the jury's verdict on liability was against the weight of the evidence or that it was tainted by undue sympathy. The plaintiff presented numerous technical witnesses whose testimony supports the jury's finding of liability, including two experts, John Tabony, Jr., and Oscar Kurt, who testified that the accident was caused solely by a manufacturing defect in the rim. Budd also presented expert testimony which supported Budd's contention that it did not cause the plaintiff's accident. The jury chose to accept the testimony presented by plaintiff's experts. There is sufficient evidence in the record to support the jury's verdict on the issue of liability, irrespective of the court's finding that the jury's verdict on quantum was tainted by undue sympathy in favor of the plaintiff and was not supported by the evidence presented in this case.

**5.** The Fifth Circuit has held that past awards for similar injuries can be used as a rough guide in determining whether a verdict is excessive, *Giacontieri v. Pan American World Airways*, 767 F.2d 1151, 1156 (5th Cir.1985), although such a comparison is not controlling. *Wakefield v. United States*, 765 F.2d 55, 59–60 (1985).

The case which is most similar to the facts herein is *Davis v. New Orleans Public Belt Railroad*, 375 So.2d 395 (La.App. 4th Cir.1979). In that case the plaintiff, a 21 year old man with a ninth grade education and low normal to subnormal intelligence, suffered a traumatic amputation of his nondominant arm when he was run over by a train. The pain and suffering he endured seemed equal, if not greater, than that suffered by Villar. The court held that $425,000 in general damages was the highest amount that could reasonably have been awarded.

In *Stansbury v. Hover*, 366 So.2d 918 (La.App. 1st Cir.1978), an award of $225,000 was affirmed for a 14 year old boy whose left arm was mangled in a skiing accident and had to be amputated after four unsuccessful attempts to save the arm through surgery. That plaintiff had a 95% permanent disability of the left arm and a 57% disability of the entire body, which is the same amount of disability Dr. Strange assigned to Villar.

Plaintiff relies heavily on *Greene v. Wright*, 365 So.2d 551 (La.App. 1st Cir.1978). However, the court finds that the facts in the *Greene* case are distinguishable from the Villar case.

In *Greene*, the court stated that a jury could have awarded between $450,000 and $500,000 for pain and suffering to a plaintiff whose injuries were similar to Villar's, although much more severe. In addition to an amputation of a finger and serious difficulties with his right hand, Greene endured thirteen surgeries, had vision problems and psychological difficulties.

**392**

It leads the court to conclude that "something besides the evidence was at work" when the jury considered and returned its verdict. *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1240 (5th Cir. 1985). The court believes that the "something" in this case was the undue sympathy of the jury toward the plaintiff. The court was very careful to include in its charge to the jury that it must render its decision without bias, prejudice or sympathy for or against any party. It is difficult for the court to believe the jury adhered to this charge when the court compares the jury's verdict with the facts of the case and to other similar cases. The court also believes its ruling on the admissibility of certain testimony presented by the plaintiff's vocational expert was prejudicial to the defendant. While the court gave the defendant the opportunity to take the expert's deposition during an overnight recess, the court must, upon careful analysis and reconsideration of its ruling, conclude that the court's ruling was prejudicial to the defendant and did not give the defendant ample opportunity to rebut the vocational expert's testimony. There is little doubt that the testimony of the vocational expert was very favorable to the plaintiff and had a substantial impact on the jury. It is also clear that the testimony and opinion of this expert was emphasized in plaintiff's closing argument. Thus, the court cannot say its ruling was a harmless error.

The court concludes that plaintiff sustained a serious injury in this case which has resulted in both mental and physical disabilities. However, these facts do not give the jury the unrestricted right to assess damages far in excess of that which are supported by the law and evidence.

Because the jury returned an *in globo* verdict of $1,000,000, it is impossible for the court to determine the exact amount awarded by the jury for Villar's pain, suffering and disfigurement and for past and future wages. It was stipulated at trial that Villar's medical bills were slightly over $103,000. Additionally, Villar has lost past and future wages of between $117,000 and $267,000, depending on whether the figures of plaintiff's or defendant's economist are accepted. Thus, the general damages awarded by the jury are between $630,000 and $780,000. Budd contends that this amount is excessive, and this court agrees. Even if the jury accepted the figures of plaintiff's economist and awarded "only" $630,000 for pain and suffering, this amount greatly overcompensates Villar for the injuries he has sustained as a result of *this* accident.

The facts of this case were "particularly of a type conducive to arouse the sympathy of the jury." *Gorsalitz v. Olin Mathieson Chemical Corp.*, 429 F.2d 1033, 1044 (5th Cir.1970). Before the accident Villar was an outgoing young man. At trial he presented the image of a broken individual. His expressionless appearance before the jury each day in a short sleeved shirt which just covered his stump presented "mute evidence of the terrible injury he had sustained." *Gorsalitz*, 429 F.2d at 1044.

Additionally, there were other facts which the court allowed in evidence which obviously influenced the amount of the award, although they had no relevance other than to show Villar's predisposition to psychological problems. Villar was forced to drop out of high school in the ninth grade to help support his family after his father had a stroke. His father later committed suicide. Villar's first wife drowned only a few days after they were married, and his second wife had left him shortly before the accident.

■ If a jury verdict results from passion or prejudice, the proper remedy is a new trial and not remittitur.[6] *Westbrook*

---

6. The court must note that even if it is wrong in its conclusion that a new trial should be granted on the issue of damages for the reasons stated herein, the court believes a remittitur should be granted herein. However, it would be a vain and useless thing to grant a remittitur considering the remarks made by counsel for the plaintiff and defendant at oral argument. It is obvious a new trial would have to be granted in this case.

*v. General Tire & Rubber Co.*, 754 F.2d 1233, 1241 (5th Cir.1985); *Lowe v. General Motors Corp.*, 624 F.2d 1373, 1383 (5th Cir.1980); *Brabham v. Mississippi*, 96 F.2d 210, 213 (5th Cir.1938). In this case the court finds that the verdict was tainted by the extreme sympathy the jury obviously felt for Villar. The jury clearly exceeded its discretion and authority in attempting to compensate Kevin Villar for all of the problems which had befallen him during his life instead of awarding him damages arising from the accident. Judicial intervention is thus warranted under the facts of this case because of the jury's abuse of its discretion and because the jury's award is not supported by the evidence.

Therefore:

IT IS ORDERED that the motion of The Budd Company for a new trial on the issue of damages be, and it is hereby GRANTED.

IT IS FURTHER ORDERED that the trial of this case on the issue of damages be, and it is hereby set for January 29, 1986, at 9:00 a.m. with a jury.

IT IS FURTHER ORDERED that on or before January 17, 1986, the parties shall:

(1) File a list of witnesses and exhibits to be used at the trial.

(2) Exchange written expert reports of any expert to be called at the trial. An up-to-date report shall be prepared and exchanged, even if the expert testified at the last trial. The failure of a party to comply with this portion of the order shall preclude that expert from testifying at the trial.

(3) File motions in limine, if any, together with a memorandum in support thereof.

(4) File jury instructions, voir dire questions and proposed interrogatories to the jury.