**DURANT MOTOR CO. OF NEW JERSEY v.
GEORGIA-FLORIDA MOTOR CO.**

(Circuit Court of Appeals, Fifth Circuit.
March 24, 1927.)

No. 4866.

1. **Principal and agent** ⬦22(1)—**What one
says or does is inadmissible to show his
agency.**

What one says or does is inadmissible to
prove his agency for another, or the scope of
such agency, and so is inadmissible to bind the
other, in absence of competent evidence to
prove his authority to bind him.

2. **Trial** ⬦169—**There being no evidence to
sustain plaintiff's claim, verdict should be di-
rected.**

There being no evidence to sustain plain-
tiff's claim, based on theory of payment by
plaintiff, amount of which it seeks to recover,
having been on request by defendant, pursuant
to contract between them, defendant's motion
for directed verdict should have been granted.

In Error to the District Court of the Unit-
ed States for the Southern District of Flor-
ida; Lake Jones and Rhydon M. Call, Judges.

Action by the Georgia-Florida Motor
Company against the Durant Motor Company
of New Jersey. Judgment for plaintiff, and
defendant brings error. Reversed and re-
manded for new trial.

John C. Cooper and John C. Cooper, Jr.,
both of Jacksonville, Fla. (Cooper, Knight,
Adair, Cooper & Osborne and Cyril C. Copp,
all of Jacksonville, Fla., on the brief), for
plaintiff in error.

George M. Powell, of Jacksonville, Fla.,
for defendant in error.

Before WALKER, BRYAN, and FOS-
TER, Circuit Judges.

WALKER, Circuit Judge. This was an
action by the defendant in error, Georgia
Florida Motor Company, a corporation (here-
in called the plaintiff), against the plaintiff in
error, Durant Motor Company of New Jer-
sey (herein called the defendant), to recov-
er the amount alleged to have been paid by
plaintiff upon request of defendant, pursuant
to a contract between them which, as author-
ized thereby, was rescinded by the defendant.
In the trial the plaintiff introduced in evi-
dence a written contract, dated July 20, 1923,
in the form of a proposition by defendant to
plaintiff, signed in the name of the former by
L. H. Baker, sales manager, Atlanta district,
and accepted by plaintiff. That instrument
contained nothing which is relied on to sup-
port the claim asserted, and contained the
following provisions: "There are no verbal
agreements or understandings affecting this

agreement. * * * This agreement is not
valid until signed by a duly authorized repre-
sentative of this company at Elizabeth, N. J."

Over the defendant's objection the court
admitted in evidence a written contract, dat-
ed July 19, 1923, between six individuals,
whereby some of them agreed to liquidate
specified debts of the plaintiff. That contract
contained the following: "This agreement
to become a part of contract dated July,
* * * 1923, between Georgia-Florida Mo-
tor Company, of Jacksonville, Fla., and the
Durant Motor Company of New Jersey."
The signatures of the parties to that agree-
ment were witnessed by G. W. Alger. Over
the defendant's objections the court permit-
ted William Fisher, a witness for the plain-
tiff, to state what G. W. Alger, who was a
traveling agent of the defendant, said and did
in the negotiations which resulted in the ex-
ecution of the last-mentioned contract. The
court denied a motion of the defendant, made
after all the evidence had been introduced,
that the jury be instructed to bring in a ver-
dict in favor of the defendant.

[1, 2] The theory advanced in behalf of the
plaintiff is that it was entitled to recover from
the defendant the amount paid pursuant to
the terms of the above-mentioned written con-
tract dated July 19, 1923. In the absence of
other competent evidence tending to prove
that G. W. Alger was authorized to bind the
defendant by consenting to that contract, the
above-mentioned testimony of Fisher as to
what Alger said and did in the negotiations
which resulted in the execution of that con-
tract was not admissible over defendant's ob-
jection, as evidence of what one says or does
out of court is not admissible to prove his
agency for another, or the scope of such agen-
cy. That testimony indicated that in the ne-
gotiations mentioned Alger acted in behalf of
defendant, but did not tend to prove that he
claimed to have authority to bind the defend-
ant by consenting to the contract dated July
19, or any provision of it.

The testimony of Alger and other witness-
es was without conflict to the effect that Alger
was without authority to bind the defendant
by consenting to that contract. No evidence
adduced tended to prove that the defendant
by any authorized agent or representative
consented to the above-mentioned agreement
dated July 19, 1923, becoming a part of the
above-mentioned contract dated July 20,
1923, contrary to express provisions contain-
ed in the instrument evidencing that contract,
or that any one authorized to bind the de-
fendant in that regard requested the payment

of the amounts sought to be recovered, or that in any way the defendant became obligated for amounts paid pursuant to the above-mentioned contract between strangers to it.

It follows that the court erred in refusing to give the above-mentioned requested charge to the jury. Because of the errors mentioned, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.