## PERRY et al. v. UNITED STATES.*
### No. 5634.

Circuit Court of Appeals, Fifth Circuit.
March 21, 1930.

---

*Rehearing denied April 25, 1930. Certiorari denied Capo v. United States and Satinover v. United States, 50 S. Ct. 467, 74 L. Ed. ——.

FOSTER, Circuit Judge.

Appellants, Charles Perry, Charles L. Miller, J. C. Nichols, Eddie Satinover, Joe Capo, Hans Casperson, and William Odom, were convicted of conspiring to commit an offense against the United States. Error is assigned to the overruling of a demurrer to the indictment.

The indictment, in apt language, charges appellants, together with seventeen other named persons and parties unknown, with conspiring to import and bring into the United States intoxicating liquors containing more than one-half of 1 per cent. of alcohol by volume, for beverage purposes, by receiving the said intoxicating liquors, from the cargo of vessels lying on the high seas, off the east coat of Florida, into small boats, and transporting same by means of said small boats from a point on the high seas to a point or points at or near St. Augustine, Fla., and unloading and landing the same. The said acts are charged to be unlawful and prohibited by the provisions of the National Prohibition Act (27 USCA) and section 593, subd. (b) of the Tariff Act of 1922 (19 USCA § 497). Four overt acts are alleged to have been committed by some of the conspirators, but neither all of those charged with the conspiracy nor all of those convicted are named as having participated in the overt acts.

It is contended that the indictment fails to charge an offense; that it fails to allege facts sufficient to support the allegation of importing, as it is not alleged the liquor was of foreign manufacture or brought in from a foreign country; that to "bring in" intoxicating liquor for beverage purposes is not an offense under the National Prohibition Act.

An indictment for conspiracy to commit an offense may allege the object of the conspiracy with less detail than would be necessary in charging the substantive offense. Thornton v. U. S., 271 U. S. 414, 46 S. Ct. 585, 70 L. Ed. 1013. An indictment that charges a conspiracy to commit two separate offenses against the United States is not bad for duplicity, as conspiracy is a single offense. Ford v. U. S., 273 U. S. 593, 47 S. Ct. 531, 71 L. Ed. 793. It is not necessary that each of the defendants charged should have participated in all or any of the overt acts. It is sufficient to aver that one or more of them committed those acts. Bannon v. U. S., 156 U. S. 464, 15 S. Ct. 467, 39 L. Ed. 494. It is an offense in violation of

Ion L. Farris, M. H. Myerson, and Jno. W. Dodge, all of Jacksonville, Fla., and Frank L'Engle, of Jacksonville, Fla., for appellant Satinover.

J. V. Walton, of Palatka, Fla., and H. A. Henderson, of St. Augustine, Fla., for appellant Capo.

W. P. Hughes, U. S. Attorney, of Jacksonville, Fla., and John F. Coldiron, Sp. Asst. to the Atty. Gen.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

the National Prohibition Act, § 3, tit. 2 (27 USCA § 12) to "import" intoxicating liquor for beverage purposes. In this connection the word "import" must be given its ordinary meaning. The transportation from without the country, through the territorial waters of the United States, and the subsequent landing in the country, is importation within the meaning of the National Prohibition Act. Cunard S. S. Co. v. Mellon, 262 U. S. 101, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306. We think the indictment was sufficient.

■ Error is assigned to the refusal of the trial court to direct a verdict for appellants at the close of the evidence. Without attempting to review it in detail, it is sufficient to say that there was evidence before the jury tending to show that Miller had employed one Iver H. Olsson as master of the motorboat Vera to transport liquor from different vessels on the high seas, that a number of trips were made on which intoxicating liquor was brought in, and that all the defendants convicted, at one time or another, during the period covered by the conspiracy, were interested in these trips. It is argued that the evidence tends to show a number of separate conspiracies as to each trip and not one general conspiracy. We think the evidence, if believed by the jury, was sufficient to support the conclusion that all of the defendants convicted were engaged in a common enterprise as alleged in the indictment.

Other assignments of error are without merit and need not be discussed.

We are called upon to consider a petition filed on behalf of Joe Capo, alleging that, after petitioner had taken the necessary steps to perfect his appeal, and after the District Court had lost jurisdiction, he discovered that the testimony of Iver H. Olsson, a government witness, or perhaps the chief government witness, was false and perjured, and praying that this court enter an order permitting him to apply to the District Court for a new trial.

In support of the petition, a statement of Iver H. Olsson, made privately, under oath before a notary public, was offered. In substance, so far as material, the statement of Olsson is that he was made drunk by prohibition agents and undercover men and induced and coerced to sign a statement that had been prepared by them implicating defendants, and was forced to memorize the statement; that his testimony on the trial was the same as this statement, and he did not

know many of the facts to which he testified of his own knowledge; that, when he testified Capo had made a trip with him, he was mistaken, and Capo had never made any trip with him, and he did not know him; that he did not know the names of the vessels from which liquor was taken. Olsson also stated he made the statement voluntarily and had received no reward or other inducement for doing so.

Countervailing affidavits presented by the government tend to show that the above statement made by Olsson is materially untrue; that it was not voluntary; that it was induced by the payment of a bribe of $1,200 and by coercion; and that, after making it, he had agreed to leave the United States.

■ There is no doubt that in a proper case a motion to remand to the District Court with permission to consider newly discovered evidence or to show perjury on the part of a material witness may be granted in the discretion of the appellate court in order to do justice. Martin v. U. S. (C. C. A.) 17 F.(2d) 973. But the evidence in support of such a motion should be clear and convincing.

■ In this case it appears that the verdict was returned January 9, 1929. An appeal was allowed January 24, 1929, but the bill of exceptions was not settled until May 21, 1929. Within that period, on March 22, 1929, Olsson's recanting statement was made. It was not brought to the attention of the District Court at all and the United States attorney was not notified of it, or that an application would be made to this court to remand the case, until February 19, 1930, at which time the hearing on appeal had been fixed. It is certain that Olsson has disappeared, probably has left the country, and he cannot be found. If a new trial were granted, he would not be available to either side, either to give newly discovered evidence or to again testify on behalf of the United States.

Conceding that Olsson was really guilty of perjury, had suffered a change of heart, and wanted voluntarily to make a statement to right the wrong, it was the duty of counsel representing defendants to make that known to the United States attorney promptly, in order that the witness might be punished, if guilty, or at least that steps might be taken to secure his presence at a new trial, if granted. If it should be made to appear that an injustice had been done, it would also be the duty of the United States at-

torney to join in the application for a new trial. By waiting nearly a year before disclosing that Olsson had recanted, grave suspicion is cast upon the good faith of the petitioner.

 A proper method to pursue in cases of this kind would be for counsel for the convicted parties, immediately after it is made known to them that a witness has been guilty of perjury, or that new evidence, that could not have been secured by reasonable diligence at the time of the trial, has been discovered, to apply to this court for an order for leave to take the testimony contradictorily with the United States before the District Judge. We wish to announce that in future, unless that method is adopted, applications such as that now before us will not be considered, unless the good faith of the petitioner is conclusively shown. We are not impressed by the showing made in this case. The petition is denied.

The record presents no reversible error.

Affirmed.