## VAUSE et al. v. UNITED STATES.
### No. 411.

Circuit Court of Appeals, Second Circuit.

Dec. 21, 1931.

MANTON, Circuit Judge, dissenting.

Blau, Perlman & Polakoff, of New York City (Max D. Steuer and Ben Herzberg, both of New York City, of counsel), for appellant Vause.

George H. Coombs, Jr. (John J. Babe, of counsel), for appellant Schuchman.

George Z. Medalie, U. S. Atty., of New York City (Livingston Hall, Henry Gerson, and Seymour D. Altmark, Asst. U. S. Attys., all of New York City, of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

### PER CURIAM.

The appellants were convicted of using the mails in a scheme to defraud and of conspiring so to do. Sentence was pronounced on June 30, 1930, and the term of the District Court was extended by various orders until April 13, 1931. On appeal, the conviction was affirmed by this court, but our mandate was stayed pending an application to the Supreme Court for a writ of certiorari. 53 F.(2d) 346. On October 26, 1931, the petition for certiorari was denied, 52 S. Ct. 37, 76 L. Ed. ——. Thereafter, by petition dated October 31, 1931, and supported by affidavits and by two unsworn statements, the appellants presented to this court the motion now before us, and our mandate was further stayed.

The unsworn statements of Rayman and Buchwald and the affidavit of Perry were obtained by appellant Vause before the expiration of the term of the District Court; the remaining affidavits were procured subsequent to that date. The substance of the newly discovered evidence upon which a new trial is sought is that Barmak, Rayman, Montgomery, and Cruso falsely testified at the trial concerning the part taken by Vause in the fraud; that they did so in furtherance of a scheme which had been concocted to make it possible for the then district attorney, whose successor in office now appears for the government, to convict Vause by means of the perjury; and that they did this with the expectation of escaping punishment themselves by so doing. Barmak's affidavit setting forth at length what he and others did to this end is one of those which have been obtained and filed. No affidavit or statement of Cruso has been presented. The former district attorney and others have executed affidavits which have been filed in opposition.

The power to remand a cause to the District Court with leave to that court to hear and determine a motion for a new trial made after its term had expired was doubted in Silva v. United States, 38 F.(2d) 465 (C. C. A. 9); denied in Montgomery v. Realty Acceptance Corporation, 51 F.(2d) 642 (C. C. A. 3); and upheld, but not exercised, in Angle v. United States, 162 F. 264 (C. C. A. 4); Martin v. United States, 17 F.(2d) 973 (C. C. A. 5); Larrison v. United States, 24 F.(2d) 82 (C. C. A. 7); Perry v. United States, 39 F.(2d) 52 (C. C. A. 5); and Davis v. United States, 47 F.(2d) 1071 (C. C. A. 5). After the opinion in Hazeltine Corporation v. Wildermuth (C. C. A.) 34 F.(2d) 635, was handed down, we did remand with leave to entertain a motion for a new trial on newly discovered evidence. See 35 F.(2d) 733. Certiorari has been granted (52 S. Ct. 25, 76 L. Ed. ——) in Montgomery v. Realty Acceptance Corporation, supra. Our consideration of this petition on the merits, however, makes the question of power to grant it purely academic.

518

It is conceded that the most to which the appellants are entitled is that our action on the petition should be dictated by a sound discretion. This has led us again to go over the original record on appeal, together with all the affidavits and statements now on file, in an effort to decide what that requires. In the opinion of the majority of the court, the prayer of the petition should be denied.

The petition is therefore denied, with directions that our mandate issue forthwith.

MANTON, Circuit Judge, dissents with opinion.

### MANTON, Circuit Judge (dissenting).

If a most miserable violator of the criminal law entered a police station or a police magistrate's court and admitted that his perjured testimony caused or helped to bring about the conviction of another, it is inconceivable that his statement would not be at least heard and considered with a view to granting deserved justice. An appellate court of justice still having the criminal cause before it, with power of review and to reverse an unfair or unjust conviction, would practice a mockery of justice if, in its name and in its administration, it did not know or find a way to prevent such injustice as causing one to serve a jail sentence when his accusers admit their perjury. And the defendants here pray only that the cause be remanded by our mandate to the trial judge to examine these witnesses and permit them, in the exercise of the power conferred by the mandate, to determine whether the recantations of testimony are sufficient upon which to grant a new trial.

The power to so remand the cause to the District Court has long been recognized. In re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994; Hazeltine v. Wildermuth, 35 F.(2d) 733 (2nd Circuit); Angle v. United States, 162 F. 264 (4th Circuit); Martin v. United States, 17 F.(2d) 973 (5th Circuit); Perry v. United States, 39 F.(2d) 52 (5th Circuit); Davis v. United States, 47 F.(2d) 1071 (5th Circuit); Larrison v. United States, 24 F.(2d) 82 (7th Circuit). Montgomery v. Realty Acceptance Corp. (C. C. A.) 51 F.(2d) 642, denied the power to entertain the application after the appeal had been dismissed. The cause was then in the District Court, after the term of that court had expired. After that, and at the time the application to the District Court was made, there was no power to act. The Montgomery Case was controlled by United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129.

An application to have the trial court consider recantations of witnesses' testimony, admitting perjury as to material facts which resulted in the conviction, is properly a matter to be considered by the trial court, not by the appellate court. It rests upon the same basis as an application for a new trial on newly discovered evidence. If sufficiently important, it warrants a new trial. People v. Shilitano, 218 N. Y. 161, 112 N. E. 733, L. R. A. 1916F, 1044. It is not for this court to doubt its power to remand this case. If it has no such power, it may not consider the application and should say so. If it has the power, in the face of confessed perjury as to material facts which proved the guilt of the accused, it should remand the case and permit the trial judge to pass upon the application for a new trial. We have no discretion about it. We should not pass upon the truth or falsity of the recantations by merely rereading the record of the trial. These are all matters for the trial judge.

It is most unfortunate that in the administration of justice the proper tribunal is not called upon to examine these witnesses before a defendant suffers incarceration.

I dissent.