## LA BELLE et al. v. UNITED STATES.

### No. 8074.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1936.

W. K. Zewadski and Wm. C. Pierce, both of Tampa, Fla., for appellants.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

An indictment in seven counts was returned against appellants, George La Belle and George Billis, together with Anthony Ahedo, alias Harry Jackson, and Lester Davis. The first count charged all of them with conspiring to violate the Harrison Narcotic Act (38 Stat. 785, as amended). The other counts charged Billis with substantive offenses under the said act but did not so charge La Belle. Ahedo was a fugitive, and the other three defendants were put on trial together. A motion to direct a verdict of acquittal was granted in favor of Davis but was denied as to appellants. A verdict of guilty was returned as to those two and a general sentence of two years' imprisonment and a fine of $1,000 was imposed on each. Error is assigned to the overruling of the motion for verdict.

We will not stop to review the evidence. It is sufficient to say that there was enough before the jury to sustain the conviction on the first count charging conspiracy. Since conviction on that count will support the sentence, it is unnecessary to discuss the other counts. Other errors assigned are without merit.

Judgment was entered on February 24, 1936, and notice of appeal was given the same day. Extensions for preparing the bill of exceptions were granted and the record was not filed in this court until June 13,

1936. The case was set down for hearing at Atlanta on October 15, 1936, the earliest practicable date. Pending the filing of the record in this court, on March 23, 1936, appellants filed a motion to remand the case to the District Court for the purpose of allowing that court to consider an application for a new trial on the ground of newly discovered evidence. The motion is supported by the ex parte affidavit of Anthony Ahedo taken before a notary public. The material part of the affidavit is this: "I am the person described in the indictment as Anthony Ahedo, alias Harry Jackson, and mentioned in the evidence as 'Toto.' I do not know Lester Davis. I do know George La Belle and George Billis. Neither George La Belle nor George Billis are in any way guilty or implicated or involved in any way with the sale of narcotics to E. W. Cruise or J. S. Lanigan, on April 2, 1935, or April 30, 1935, or at any other time, or at any place, nor were either Billis or La Belle involved with me in any conspiracy concerning the same. I am guilty myself of the narcotic sales mentioned on those two dates. The man whom the government agents thought was Billis and identified as Billis was not Billis at all but a man named Antonio Gomez, who is now in Cuba, according to my understanding. Gomez is a sandy-haired dark complexioned man a little taller than I am and built very much like Billis. It is true that on some of the occasions involved in the narcotic sales I used Billis' car but this was not unusual and Billis knew nothing about any narcotic transactions in which his car was involved. Also I never knew George La Belle in these transactions. My reason for making this affidavit is to exonerate two innocent men, La Belle and Billis, of any implication with these narcotic transactions. I am guilty myself and willing to plead guilty and tell the Court all about it and take my medicine, but do not desire two innocent men to suffer for something I know they are not guilty of. This affidavit is made of my own free will and accord."

Rule 2 (3) of the Rules of Practice and Procedure in Criminal Cases, promulgated by the Supreme Court May 7, 1934 (28 U.S.C.A. following section 723 a), by authority of the Act of March 8, 1934 (28 U.S.C.A. § 723 a), provides as follows: "A motion for a new trial solely upon the ground of newly-discovered evidence may be made within sixty (60) days after final judgment, without regard to the expiration of the term at which judgment was rendered, unless an appeal has been taken and in that event the trial court may entertain the motion only on remand of the case by the appellate court for that purpose, and such remand may be made at any time before final judgment."

The purpose of adopting the new rules was to avoid delay in the final determination of criminal cases. To permit a convicted person to unduly delay the ultimate punishment is not tempering justice with mercy. In most cases it would be better for him to begin serving his sentence promptly and get through with it. It is not unusual for a codefendant in a criminal case to endeavor to take all the blame or to attempt to exonerate one or more of the defendants. His evidence to that effect is of a very weak character and rarely effective. To remand a case for the purpose of allowing the trial court to consider an application for a new trial would greatly delay the ultimate decision in the case and the ex parte affidavit of a confessed offender is hardly sufficient to justify that procedure.

Before the adoption of the new rule this court had been required to consider a number of applications to remand criminal cases after appeal for the purpose of permitting the District Court to consider motions for new trials based on the ground of newly discovered evidence. In Perry v. U. S., 39 F.(2d) 52, 55, decided March 21, 1930, we endeavored to formulate a rule of practice in respect of such applications. In that case we had occasion to say: "A proper method to pursue in cases of this kind would be for counsel for the convicted parties, immediately after it is made known to them that a witness has been guilty of perjury, or that new evidence, that could not have been secured by reasonable diligence at the time of the trial, has been discovered, to apply to this court for an order for leave to take the testimony contradictorily with the United States before the District Judge. We wish to announce that in future, unless that method is adopted, applications such as that now before us will not be considered, unless the good faith of the petitioner is conclusively shown."

The procedure pointed out in Perry v. U. S., supra, was not followed in this case, and the affidavit supporting the motion to remand is not persuasive. The identification of Billis by the witnesses in the trial was satisfactory and there is little likelihood that

Ahedo's evidence would produce a different result on another trial. We see no reason to grant the motion to remand and it is denied.

The record presents no reversible error. Affirmed.