**NICHOLS v. REPUBLIC IRON &
STEEL CO. et al.***

No. 7849.

Circuit Court of Appeals, Fifth Circuit.
May 18, 1937.

*Rehearing denied June 14, 1937.

William Augustus Denson, of Birmingham, Ala., for appellant.

Augustus Benners and James R. Forman, both of Birmingham, Ala., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, Ralph Nichols, brought this suit in a state court against Republic Iron & Steel Company; Republic Steel Corporation; J. D. Hankins; and E. V. Cook, to recover damages for personal injuries, alleging the defendants wrongfully shot him with a firearm, severely and seriously injuring him. Thereafter the suit was dismissed against Hankins and Cook, whereupon the other defendants removed it to the federal court. Later, plaintiff also dismissed the suit as to Republic Iron & Steel Company. The case was tried to a jury and resulted in a verdict for defendant.

■ There are eighty-eight assignments of error. There was no motion by either side for a directed verdict, but we may consider evidence brought up in the bill of exceptions to ascertain whether the errors complained of are substantial.

It appears that defendant had rented some 50 acres of land in the vicinity of Birmingham to Joel D. Hankins, by a written lease. The lease contained this clause: "The lessee shall prevent trespassing upon the land of lessor in the vicinity of said land and in case of continued trespassing shall immediately notify lessor of the fact."

At about 10 o'clock at night plaintiff, with his brother and another man, were out gigging frogs and entered upon the land leased to Hankins, crossing over a fence to do so. They were ordered off by Hankins and left, going through his pasture, in which he had a calf. While they were in the pasture, Hankins fired on them with a shotgun and birdshot struck plaintiff in a number of places.

■ In the general charge the court instructed the jury, in substance, that in order to recover, the burden was on plaintiff to show that Hankins was acting as the agent of defendant within the scope of his authority; that the clause in the lease above quoted referred to land of defendant other than the land rented to Hankins; that Hankins was not an employee of defendant and that if he committed the assault in keeping the trespassers off the premises rented to him, of which he was in possession, that act would not bind his landlord; that on the other hand, if Hankins was preventing trespassing, not on his own leased land but on the adjoining lands belonging to defendant, and in endeavoring to prevent such trespass shot plaintiff, his act would be that of the defendant and binding upon the defendant as well as himself. The court left it to the jury to determine whose land plaintiff was on when shot. Seven of the assignments of error run to portions of the general charge, but the bill of exceptions fails to show that any exception was taken to any part of the charge. The purpose of excepting to the charge of the court is to afford an opportunity to the court to correct it, if erroneous. It is well settled that if exception is not taken in open court before the jury retires, an assignment of error in that particular will not lie. Taylor v. U. S. (C.C.A.) 71 F.(2d) 76, 77. Aside from that, we find no error in the charge as given.

■ Two assignments run to the giving of special charges requested by defendant. There is no practical difference in the charges. In substance, they were that if the jury was reasonably satisfied from the evidence that plaintiff was shot by the negroes, Hankins and Cook, or either of them, solely on account of trouble about a calf, plaintiff could not recover. We do not know from the record what trouble there was about a calf, but, in the light of the general charge, the giving of the special charges could not possibly be harmful.

■ There are thirteen special assignments running to the refusal of a new trial. It is elementary that the granting or refusing of a new trial, in federal courts, is within the sound discretion of the trial court and error cannot be predicated upon his action in that regard. This rule has been so frequently stated that it is unnecessary to cite authorities to sustain it.

■ Some fifty assignments run to the exclusion of evidence. These all relate to the sustaining of exceptions to questions asked a number of witnesses, which were designed to elicit answers tending to show

that Hankins at various times had warned trespassers off the land, had threatened to shoot them, and had made statements that he was acting under orders of an agent of defendant. This evidence was excluded on the ground that neither the agency of Hankins nor his acts as agent could be proven by his own testimony or his statements to third persons, not made as part of the res gestae. We find no error in this respect. Texas Co. v. Quelquejeu (C.C.A.) 263 F. 491; Durant Motor Co. v. Georgia-Florida Motor Co. (C.C.A.) 18 F.(2d) 95; Hartline v. Mutual Ben. Health & Accident Ass'n (C. C.A.) 84 F.(2d) 21.

Eight assignments run to the refusal of the court to continue the case at the request of plaintiff because of the absence of a witness, Bernice Hankins, the daughter of Joel Hankins, and another to the refusal to permit the admission of her evidence taken upon a former trial of the case. In this connection, it is shown that the witness had been summoned but was not present when the case was called for trial. The court stated to plaintiff's counsel that he could have an attachment for the witness. The father of the witness then stated that she would be there. Plaintiff's counsel did not ask for the attachment. It subsequently developed, after a number of witnesses had been heard, that the witness was sick and could not be present. Since plaintiff did not avail himself of the process of court to secure the witness before the trial began, it was within the sound discretion of the trial court to decline to continue the case after considerable evidence had been taken. Plaintiff made no showing as to what testimony he expected from the witnesses in asking for the continuance. From statements of counsel, it would appear that on a previous trial this witness had testified as to oral instructions given to her father by a representative of defendant. Such evidence would have been open to the same objection as the testimony of other witnesses to the same effect which was excluded as above noted. In view of the general charge of the court, if it was error to deny a continuance and to exclude the previous testimony, it was harmless.

There are several other assignments which are equally without merit but we will not stop to discuss them.

The record presents no reversible error.

Affirmed.