## McATEER v. UNITED STATES.

### No. 11223.

Circuit Court of Appeals, Fifth Circuit.

May 3, 1945.

Rehearing Denied May 23, 1945.

Roy A. Scott, of Corpus Christi, Tex., for appellant.

Brian S. Odem, U. S. Atty., and O'Neal Morris, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Katherine McAteer was indicted and convicted with two others for a violation of the Narcotic Drugs, Import and Export Act, 21 U.S.C.A. § 171 et seq., and for a further violation of the Harrison Anti-Narcotic Act, 26 U.S.C.A. Int.Rev.Code §§ 2550 et seq., 3220 et seq. She was sentenced to serve three years in a penal institution and to pay a fine of $500. Thereafter, Katherine McAteer moved for a new trial, assigning as the only ground therefor, newly discovered evidence.

Sidney D. Vowell, one of the defendants convicted with the defendant, and who declined to testify on the trial, was offered as a witness in support of the motion. Vowell's evidence disclosed that the three defendants had been traveling together in a Buick car which belonged to the defendant; that she loaned the car to the two men who crossed the river into Mexico and purchased a quantity of heroin and returned with it into the United States; that she joined the two men and while they had stopped at a filling station to service the car, Vowell recognized officers who passed them and he thereupon secreted a part of the heroin in Katherine McAteer's handbag, which was on the front seat of her car, she having gone into the filling station. This was substantially all the material evidence offered in support of the motion. The court overruled the motion and the defendant appealed.

The trial court found and was warranted in finding that the evidence of Vowell was not newly discovered, but was known or could have been known by the diligence of defendant or her counsel. It has been many times held that such evidence is not sufficient upon which to grant a new trial. Coplin v. United States, 9 Cir., 88 F.2d 652, certiorari denied 301 U.S. 703, 57 S. Ct. 929, 81 L.Ed. 1357; La Belle v. United States, 5 Cir., 86 F.2d 911.

It is well settled that the disposition of a motion for a new trial rests within the sound discretion of the trial judge, and error will not be predicated upon his action thereon unless abuse of discretion is shown. Dale v. United States, 7 Cir., 66 F.2d 666, certiorari denied Massey v. United States, 291 U.S. 669, 54 S.Ct. 454, 78 L.Ed. 1059; Nichols v. Republic Iron & Steel Co., 5 Cir., 89 F.2d 927; Weiss v. United States, 5 Cir., 122 F.2d 675, certiorari denied 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550; Luke v. United States, 5 Cir., 84 F.2d 711, certiorari denied, 299 U. S. 542, 57 S.Ct. 45, 81 L.Ed. 399; Prisament v. United States, 5 Cir., 96 F.2d 865.

The trial court did not abuse its discretion in overruling the motion for a new trial, and the judgment is affirmed.