**UNITED STATES of America, Plaintiff,**

v.

**Robert "Debe" DiBERNARDO, et al., Defendants.**

**No. 80–56–Cr–EPS (S1–S8) (S10–S16).**

United States District Court,
S.D. Florida,
Miami Division.

March 18, 1983.

---

Fred A. Schwartz, Marcella S. Cohen, Miami, Fla., for plaintiff.

Todd Lyster, Chicago, Ill., Arthur M. Schwartz, Denver, Colo., Burton Sandler, Towson, Md., Elliott J. Abelson, Beverly Hills, Cal., Rebekah J. Poston, Miami, Fla., John F. Sheehan, Providence, R.I., William E. Seekford, Towson, Md., Robert M. Leen, Hollywood, Fla., Bernard Berkman, Cleveland, Ohio, Roger Jon Diamond, Pacific Palisades, Cal., Jeffrey M. Cohen, Miami, Fla., Anthony M. Glassman, Beverly Hills, Cal., J. David Bogenschutz, Hollywood, Fla., Robert Smith, Encino, Cal., Theodore Klein, Corey E. Hoffman, Miami, Fla., Michael Klein, Los Angeles, Cal., John H. Weston, Beverly Hills, Cal., Herald Price Fahringer, New York City, Henry J. Boitel, Rockville Centre, N.Y., Joel Kaplan, Miami, Fla., Stephen J. Finta, Fort Lauderdale, Fla., Humberto Aguilar, Miami, Fla., Ralph J. Schwarz, Jr., New York City, Gerald M. Werksman, Chicago, Ill., Phillip E. Kuhn, Memphis, Tenn., A. Matthew Miller, Hollywood, Fla., Joel Hirschhorn, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER ON MOTION FOR RECONSIDERATION

SPELLMAN, District Judge.

The Government has filed a Motion for Reconsideration relating to this Court's opinion of December 20, 1982 with regard to the dismissal without prejudice of the Miporn indictments (552 F.Supp. 1315). The Motion for Reconsideration in essence asserts four grounds:

"First, (it is asserted that) it appears that the Court found the Government attorneys were aware of Special Agent Livingston's psychological problems (at the time the matter was originally presented to the Grand Jury or at the time of the superseding indictments) and that they had an obligation to so inform the Grand Jury." The simple answer to that assertion is that the Court made no such finding.

Secondly, the Government appears to assert a lack of understanding by this Court of the grand jury process and proceeds to devote three pages of educational material in that regard. Although the Court appreciates the dissertation, the Court is fully aware of the function of a grand jury and the distinction between grand and petit juries.

Thirdly, the Government states that this Court's findings did not warrant dismissal of the indictments. This contention is basically broken up into two parts. First, the Government asserts that it was essential that this Court find either perjury or the strong probability of perjury before a dismissal would have been warranted. The second contention is that since the grand jury in question did in fact return three racketeering indictments which charge some of the original forty-five defendants with racketeering, that that justifies the evidence pertaining to violence, extortion, mafia dealing and organized crime. In addition, the Government states that the testi-

mony pertaining to child pornography was justified because it was being investigated by that grand jury although the indictment was returned in Honolulu, Hawaii.

The Government fails to understand this Court's opinion as pertains to these contentions for three separate and distinct reasons. The assertion that it was necessary to dismissal for the Court to find actual perjury or strong probability thereof totally overlooks the duality of reasons upon which this Court's decision was based. If this Court's decision was based solely on Livingston's credibility, the assertion of the Government might be correct; but this Court found that the grand jury was tainted for two reasons. The Livingston liability did not stand alone. Coupled with the obvious psychological problems casting doubt on Agent Livingston's ability to testify truthfully before the grand jury was the extraneous evidence which is the subject matter of the Government's second assertion.[1] That second issue would have been of no concern whatever to this Court had this matter proceeded on the original indictment charging forty-five defendants with one conspiracy since some of the thirteen defendants in question would have been included in those forty-five and might have had some bearing on the single nationwide conspiracy alleged in the original indictment. Such was not the case. The Government, at its own choosing, elected to file sixteen superseding indictments. There is no contention made that any of the defendants in question were included in all sixteen superseding indictments and a review of the three indictments in question clearly indicates the contrary.

Likewise there is no contention that such evidence, however, admissible for consideration by the grand jury in returning the original indictment, was in any way to be considered by the grand jury as pertains to those defendants not so labeled. Certainly such evidence had no bearing on the issue of obscenity as pertains to any of the defendants. This simple fact was never communicated to the grand jury in considering the superseding indictments. *That was a mistake.*

Last but not least is the underlying reason for dismissal. From neither of the above conclusions, standing alone, could there flow the determination by this Court that the indictments in question must be dismissed. Such was not the case. This Court's action in dismissing without prejudice these indictments was based on the realization that the issues could not be separated and that the "mistake" was coupled with the far more significant concern regarding Mr. Livingston's total credibility as a witness whether before the grand jury or otherwise.

The use by this Court of the heading "ABUSE OF THE GRAND JURY PROCESS" as the heading for the discussion under IIB of this Court's opinion of December 20, 1982 might in hindsight have been inappropriate and misleading. The heading for the entire analysis under Section II should have simply read "The Grand Jury was Tainted." The bottom line of the Court's opinion was that the grand jury had been "tainted".

Clearly, the uppermost concern in this Court's mind was Patrick J. Livingston, the witness. Having personally observed the witness, having heard the testimony and read the reports of the numerous medical experts and the conflicts spawned by the inconsistent statements of the "witness", this Court knew that it was confronted with problems seldom visited by any United States District Judge since the advent of the judiciary. A dedicated member of one of this country's finest law enforcement agencies, the F.B.I., had been reduced to a finding by this Court "that at present, Patrick J. Livingston would lie when the truth would serve him best" (552 F.Supp. at 1323).

---

1. This Court's opinion in 552 F.Supp. at pages 1319–1323 elaborately details the basis for this Court's concern regarding the possible psychological problems which would cause Livingston's grand jury testimony to be tainted. That dissertation together with the balance of the opinion and the Court's findings will not be reiterated in this Order.

Having reached that conclusion, the threshold criteria that these proceedings were tainted had been met. The question remaining for the Court was the degree and extent to which these proceedings had been tainted. If this Court's sole concern was the propensity of Agent Livingston to lie, then the Government's point might be well taken and this Court might very well have determined that the matter could be resolved by simply granting a new trial to those who could show that they had been harmed. Thereafter the Court could deal with the issue of his credibility in each ensuing trial.

Such a decision would have totally ignored evidence tending to indicate that Agent Livingston's problem in all likelihood existed at the time of the presentation of this case to the grand jury regardless of whether or not the Government knew such to be the case at the time. The obvious rationale for such a determination would be that although some harm may have resulted to the defendants, it could clearly be focused on before the petit jury when the issue of the credibility of the witness is under so much greater scrutiny. As pointed out by this Court "if presented only with the Livingston situation, this Court might be inclined to fashion some alternative remedy" (552 F.Supp. at 1324).

The Court in fashioning a remedy could not ignore the duality of the taint. It was at this point that the "mistake" heretofore alluded to by the Court when coupled with the Livingston situation caused this Court to reluctantly conclude that the taint was a complete one and one which cried out for this Court to exercise the inherent supervisory power vested in the judiciary to preserve the essential judicial function of protecting the public interest in the even-handed administration of criminal justice.

There are those who would seek to read this Court's opinion (552 F.Supp. 1315) as a finding of fault by this Court of the actions of the prosecutor before the grand jury. Such is not the case. The circumstances surrounding this case will probably never occur again. It is true that this Court believes that a "mistake" was made as earlier alluded to. That mistake by itself would not have resulted in the conclusion reached. The picture ultimately painted of Patrick J. Livingston resulting in this Court's opinion of December 20, 1982 could never have been imagined in its totality in the early stages of these proceedings. Both of these facts, however, do not alter the conclusion that when coupled together the grand jury called upon to indict these defendants had become affected with corruption in the true biblical sense of that word and it, therefore, had become tainted.

The fourth ground asserted for reconsideration is directed toward three of the indictments returned in the case, one of which has already been tried by this Court. Those cases are *United States v. Peraino, et al.,* 80–56–Cr–EPS (S3), which case has been tried, defendants convicted and a motion for new trial is pending; *United States v. Guarino,* 80–56–Cr–EPS (S2) and *United States v. Boudreault, et al.,* 80–56–Cr–EPS (S4).

As to the *Peraino* case, Agent Livingston was not called as a witness by the Government or the defense. Although the Government was on notice of his shoplifting arrest, it did not notify the defendants of that fact as of the time of trial. As to the *Guarino* and *Boudreault* cases, Agent Ellavsky conducted almost the entire investigation as pertains to both cases although as to the former case Livingston appeared before the grand jury but his testimony consisted of the reading of investigative 302 reports of Ellavsky to the grand jury.

This argument has been raised for the first time before this Court. The Court should have the opportunity to review this matter based on the memoranda to be filed by the respective parties in light of this Order.

In *United States v. DiBernardo,* 80–56–Cr–EPS (S12) and *United States v. Bagnell,* 80–56–Cr–EPS (S14), the defendants have been convicted. As pertains to the defendant Bagnell, the Government agrees to the relief sought. The request of the Government as pertains to DiBernardo is to have

an opportunity to be heard on why the Court's opinion of December 20, 1983 should not apply to said defendants and to respond to the defendants' motion for dismissal with prejudice.

Based upon the above and foregoing, it is

ORDERED AND ADJUDGED as follows:

1. That the Government's motion for reconsideration is GRANTED as follows:

A. That as pertains to the cases of *United States v. Guarino, et al.,* 80–56–Cr–EPS (S2); *United States v. Peraino, et al.,* 80–56–Cr–EPS (S3) and *United States v. Boudreault,* 80–56–Cr–EPS (S4), the Court does hereby take said motion for reconsideration under advisement and grants to all parties ten (10) additional days to file any supplemental memoranda as they desire in view of this Court's Order on Motion for Reconsideration.

B. That the Government is ORDERED to show cause within ten (10) days from the date of this Order why this Court's opinion should not apply to *United States v. DiBernardo, et al.,* 80–56–Cr–EPS (S12) and to respond to the defendants' motion for a dismissal with prejudice.

C. That as pertains to *United States v. Bagnell,* 80–56–Cr–EPS (S14), the Defendant Bagnell shall have thirty (30) days after final action by the United States Supreme Court on his pending petition for certiorari to file an appropriate motion with this Court relative to the relief he seeks from this Court in view of this Court's opinion of December 20, 1982 and the instant Order.

2. That the Government's motion for reconsideration as it pertains to all other pending indictments be and the same is hereby DENIED and simultaneous with the entry of this Order, this Court will enter orders dismissing without prejudice each of the following indictments: 80–56–Cr–EPS (S1), (S5), (S6), (S7), (S8), (S10), (S11), (S13), (S15) and (S16).