**UNITED STATES of America, Plaintiff,**

v.

**Robert DiBERNARDO and Theodore Rothstein, Defendants.**

**No. 80–56–CR–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

April 9, 1987.

Marcella Cohen, Miami Strike Force, Miami, Fla., for plaintiff.

Herald Price Fahringer, Ralph J. Schwarz, Jr., New York City, for defendants.

MEMORANDUM OPINION AND ORDER GRANTING A NEW TRIAL FOR THE DEFENDANTS DIBERNARDO AND ROTHSTEIN

SPELLMAN, District Judge.

This matter originally came before the Court on the Government's indictment of some 45 individual Defendants nationwide for engaging in an unlawful conspiracy to transport obscene materials in interstate commerce in violation of 18 U.S.C. § 371 and for transportation of said materials in violation of that same Title and §§ 1462 and 1465. The case came to be known as the "Miporn" case; and ultimately resulted in 16 separate indictments against the Defendants originally named.

The Defendants DIBERNARDO and ROTHSTEIN together with a third individual, Andrew D'Apice, were jointly named in one of those indictments.

When the case originally came to trial, the Defendant D'Apice filed a *Byrd* affidavit [1] agreeing to testify on behalf of DIBERNARDO and ROTHSTEIN. Based upon certain assumptions that the Court mistakenly engaged in at that time, the Defendant D'Apice was severed and the

---

1. *Byrd v. Wainwright*, 428 F.2d 1017 (5th Cir. 1970).

cause proceeded against the Defendants DIBERNARDO and ROTHSTEIN. The Defendant D'Apice, however, continuing to assert his Fifth Amendment privilege, declined to testify and the cause proceeded to trial without his testimony. This ultimately resulted in a judgment of conviction as to DIBERNARDO and ROTHSTEIN, Judgment and Commitment Orders were entered and the cause was thereafter appealed.

While the case was on appeal, the Government discovered that Special Agent Livingston, who was a key Government undercover witness linking the activities of DIBERNARDO and the other Defendants in this case, had been arrested for shoplifting and curiously continued to respond to his undercover identity. The appellees all moved to vacate their convictions, or in the alternative, grant them a new trial. This Court then conducted an evidentiary hearing so as to rule on these consolidated motions for post-trial relief, and concluded that the original superseding indictments were tainted by the "perjurious propensities" of Special Agent Livingston, and that the prosecutor failed to instruct the grand jury as to the prejudicial effect of certain evidentiary matters. *United States v. DiBernardo*, 552 F.Supp. 1315, 1324–25 (S.D. Fla.1982). This Court then exercised what it perceived to be its supervisory powers and dismissed without prejudice the superseding indictments. In response to the Government's motion to reconsider, this Court issued a second opinion vacating appellees' convictions and dismissing the indictments without prejudice. *United States v. DiBernardo*, 561 F.Supp. 783 (S.D.Fla.1983).

On appeal, the Eleventh Circuit ruled that this Court had improperly dismissed the superseding indictments because neither of the stated reasons for such relief justified the use of this Court's supervisory powers. *United States v. DiBernardo*, 775 F.2d 1470 (11th Cir.1985). The case was remanded to the trial court to rule on the motion for new trial.

A review of this Court's decision subsequent to the filing of the *Byrd* affidavit by D'Apice draws one to the eventual conclusion that although the Court allowed DiBernardo and Rothstein to win the battle, it made sure that they lost the war. The granting of the motion to sever D'Apice gave them a partial victory; to then deprive them of D'Apice's testimony by forcing them to trial before D'Apice was relieved of his Fifth Amendment privilege was clearly error.

D'Apice has subsequently pled guilty and is no longer confronted with the obstacle of incrimination. The Government likens this case to a number of cases in which after conviction a defendant offers testimony exculpating a codefendant. In such cases, the courts have found that this does not constitute newly discovered evidence. *United States v. Diggs*, 649 F.2d 731, 740 (9th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981); *McAteer v. United States*, 148 F.2d 992 (5th Cir.1945); *Coplin v. United States*, 88 F.2d 652, 665 (9th Cir.1937).

Those cases are clearly distinguishable from the case before this Court. We are not here dealing with a motion for new trial based on "newly discovered evidence." We are dealing with a remand from the Court of Appeals directing this Court to consider whether or not a new trial should be granted. *United States of America v. DiBernardo, supra.*

Regardless of what motivated the Court in its original decision, the failure of the Court to allow the Defendants DiBernardo and Rothstein to use the testimony of D'Apice after the Court found that it met the criteria of a *Byrd* affidavit was clearly erroneous. One can only analogize such a circumstance to a situation of the son getting the keys to his father's car on a Saturday night only to find out that it has a dead battery.

Clearly, D'Apice's testimony would have been material and could very well have resulted in a different verdict on behalf of both Defendants. The Defendants are entitled to a new trial.

Based upon the above and foregoing, it is

ORDERED AND ADJUDGED that the Defendants are hereby granted a new trial.[2]

**2.** At the hearing on oral argument, counsel for the Defendant DiBernardo indicated that he had mysteriously disappeared and may have met with foul play. This Order is entered as to him with the assumption that he has not been called upon to answer charges by a higher authority.