**FORT WORTH & DENVER RAILWAY COMPANY, Appellant,**

v.

**Willie ROACH, Appellee.**

**No. 14935.**

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1955.

James C. Sanders, Amarillo, Tex., Culton, Morgan, Britain & White, Amarillo, Tex., for appellant.

John H. Merchant, Amarillo, Tex., Merchant & Fitzjarrald, Amarillo, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

**352**

BORAH, Circuit Judge.

Willie Roach brought this suit under the Federal Employers' Liability Act[1] and the Safety Appliance Act[2] to recover damages for personal injuries received by him in the course of his employment as an engine foreman for the Fort Worth and Denver Railway. The injuries complained of were received in a fall which occurred during a switching operation when a grab iron and a still step on a tank car came loose as he attempted to mount the side of the moving car. The defendant, by its answer, admitted liability, but contended that if plaintiff sustained any injuries as alleged by him in his complaint that he recovered therefrom very shortly after the accident and was completely well and able to work at the time of the trial.

The case was tried to a jury and a verdict was returned in favor of Roach for $20,900. Counsel for the defendant thereafter moved to set aside the verdict because of excessiveness, or in the alternative, to require a remittitur. The trial court found the verdict excessive by $4,900 and advised plaintiff that the motion would be granted unless he elected to file a remittitur in that amount. The remittitur was filed, and judgment was entered in favor of plaintiff for $16,000. Defendant's motion for a new trial was overruled and it has appealed, assigning three errors as grounds for reversal: (1) that the trial court erred in sustaining plaintiff's motion to strike the testimony of a doctor offered by defendant; (2) that the damages awarded by the jury are so excessive as to show passion and prejudice; and (3) that the trial court erred in sustaining the jury as to the measure of damages.

■ The first specification of error relates to the following ruling of the trial judge: "I will sustain the objection, gentlemen of the jury, to all of the testimony of this witness except formal matters like his training as a doctor and his experience and his interpretation of the

x-rays that were identified by Dr. Van Sweringen. That part of the rest of it will be stricken." Immediately following this pronouncement and in language which is clearly indicative of assent counsel for the defendant said: "Very well, your Honor." This being the state of the record it is apparent that no proper objection was taken to the ruling of the court and under Fed.Rules Civ.Proc., Rule 46, 28 U.S.C.A. the court's action may not be assigned as error on this appeal. We therefore overrule this assignment without inquiring into the question it seeks to raise.

■■ It is next contended that the court erred in overruling defendant's motion to set aside the jury verdict for the reason that the verdict was so excessive and out of all proportion to the evidence as to show that it was motivated by bias, passion and prejudice against defendant. This assignment is clearly without merit. We find nothing in the record which would lead us to believe that the jury was influenced by bias, prejudice or passion. In any event, this objection was for the trial court on motion for a new trial, and in the absence of an abuse of discretion we may not now review his action in this regard. Houston Coca-Cola Bottling Co. v. Kelley, 5 Cir., 131 F.2d 627; Smith v. Welch, 10 Cir., 189 F.2d 832.

Finally it is urged that the trial court erred in instructing the jury, over defendant's timely objection, that it was permissible to consider any loss in plaintiff's future earning capacity in assessing damages. Defendant's contention on this point is that there was no evidence, or at least insufficient evidence, to support the giving of this instruction inasmuch as no witness for the plaintiff undertook to say what Roach's probable condition would be on some future day. And, in the absence of such testimony, it is argued that the instructions given erroneously permitted the jury to base their verdict upon conjecture. We think the court's charge[3] was in all respects

---

1. 45 U.S.C.A. § 51 et seq.
2. 45 U.S.C.A. § 4.

3. "In assessing any such damages, gentlemen, you may take into consideration the

proper. The jury was not instructed, as defendant contends, that it was "permissible" for them to consider the future loss of earnings. On the contrary they were instructed that in assessing damages, they could consider, if it were proven, any loss in plaintiff's earning capacity which will, with reasonable probability, exist in the future during what would be his gainful working time of life. Without undertaking to detail the evidence we deem it sufficient to say that at the time of trial plaintiff was still complaining of constant pains in his back, both below the belt and between the shoulders. He had limited use of his right leg and hip because of the numbness; was unable to drive his automobile; had difficulty in sleeping at nights; and had not been free from pain since the date of his injury. Roach tried to work as we have mentioned but according to his co-workers "he didn't do much of anything. He didn't act like he was able to work;" "looked like he could hardly get on and off of [the cars] them." Other lay witnesses who had known plaintiff for a number of years testified that prior to his injury plaintiff was strong and very supple but since the accident they have noticed a marked change in that he no longer moves or acts freely but drags his leg and walks like an old man, and does not appear to be sure of his balance. In addition to the foregoing there was medical testimony based upon x-ray pictures to the effect that plaintiff was not, on the day of trial, able to perform heavy manual labor.

We think it plain that the evidence to which we have referred was sufficient to raise the issue of reasonably probable loss of future earnings and the court did not err in including that element in the charge. Cf. Coca Cola Bot-

tling Co. of Fort Worth v. McAlister, Tex.Civ.App., 256 S.W.2d 654, 655.

Finding no reversible error in the record the judgment of the trial court is

Affirmed.

---

following elements or such of same as are proven and none other than you may find to be the proximate result of the accident in question, to wit: any physical pain suffered by the plaintiff in the past and any physical pain which he will with reasonable probability suffer in the future, any loss in plaintiff's earnings between the date of his said injuries and the time of your verdict and any loss in plaintiff's earning capacity which will with reasonable probability exist in the future during what would be his gainful working time of life."