SHIRLET P. APANA *v.* RICHARD M. BOTTS
*v.* DORNA NAKAMURA.

No. 4684.

DORNA NAKAMURA *v.* RICHARD M. BOTTS.

No. 4685.

NOVEMBER 6, 1969.

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* The trial court's decision is free of reversible error, and is hereby affirmed. Only one issue raised merits discussion.

Defendant-appellant argues that the trial court committed error in striking a doctor's testimony relevant to the issue of damages. *Dzurik* v. *Tamura,* 44 Haw. 327, 330, 359 P.2d 164-165 (1960).

Defendant asked questions of an expert witness.[1] Plain-

---

[1] Two separate portions of testimony were involved:

(1)

Q: And, Doctor, based on your examination, and based on the history that you took to the extent that you felt it was necessary in your examination, did you arrive at any conclusions relative to her complaints in this regard?
A: Yes I did.
Q: And what were those?
A: As is my custom, in attempting to analyze a problem of pain, particularly when the pain is subjective and without any objective accompaniment that I can determine, I explored by interview with the patient the extent of her pain, and the effect it might have upon

tiffs moved to strike part of his testimony. The ground of the motion was clear, and was considered. At no time did defendant object to the granting of the motion. If defendant had made known his position, perhaps the trial court would have reconsidered its ruling. It is now too late to oppose the motion. H.R.C.P., Rule 46; *Fort Worth & Denver Railway Co.* v. *Roach,* 219 F.2d 351, 352 (5th Cir. 1955); *Hasselbrink* v. *Speelman,* 246 F.2d 34, 39 (6th Cir. 1957). We therefore do not reach the merits of appellant's contention.

---

her normal life pattern, and in receiving this history from the patient, that this pain was severe enough so as to interfere with marital relations, I questioned her further along this line to bring out the relationship of this pain to her normal life pattern, with particular reference to the timing of the accident in question, and relative to the fact that she apparently had become pregnant since the accident, but had attempted unsuccessfully, for two and a half years to become pregnant during the course of her normal marital relationship.

In this portion of my interview of the patient, she indicated to me that she had had a severe emotional experience associated with the pregnancy, or particularly with the delivery of her only child, and that, as a result, she had an unusual feeling, to me as a physician, that she did not wish to bear any further children because of that very unhappy experience of labor and delivery.

I felt, from this line of questioning, and from her answers to these questions, that there was a possibility that her responses and her reactions to the pain in her chest, as the presumed cause for her failure to enjoy normal marital relations, might be a psychological effort on her part to block, or to submerge some other reason for this feeling, which she had given to me.

Mr. Tuohy: Your Honor, I'm going to move that the last answer be stricken, as being based on a possibility.

The Court: The motion will be granted, the last answer will be stricken and the jury will disregard it.

Q: (By Mr. Maciszewski) Doctor, was she able to—strike that.

Doctor, based on your examination, did you arrive at a diagnosis relative to the chest? [R. 772-773]

(2)

Q: (By Mr. Maciszewski) Doctor based on these assumptions, and based on your examination of Mrs. Nakamura on January 5, 1967, could you tell us with reasonable medical certainty how long the back injury, if any, suffered in this accident lasted?

Mr. Tuohy: Same objection, Your Honor.

The Court: Same ruling. Overruled.

A: In my best medical judgment, and with reasonable medical certainty, it is my opinion that this patient, if she suffered an injury to her back on September 30, 1963, did suffer a back sprain, and in the ordinary course of events, I would expect that she would recover from that back sprain in a period of six to eight weeks' time, and that, concluding my opinion, that she probably had recovered from the back sprain, and that the complaints she made in her visit to Dr. McCarthy in December could well be, and probably were, incident to the onset of her pregnancy, rather than a residual of her automobile accident.

Mr. Maciszewski: I have no further questions.

The Court: There's just one problem with that. That last part was based on probability, not reasonable medical certainty.

Mr. Tuohy: On that basis, Your Honor, we move to have the answer stricken.

The Court: Not the entire answer, but just that part dealing with probability.

Mr. Tuohy: Yes, and the jury instructed to disergard it.

The Court: Yes, they will disregard that part.

Mr. Maciszewski: Thank you, Doctor.

The Court: Are you through with direct?

Mr. Maciszewski: Yes I'm through, Your Honor. [R. 953-954]