FILED
COURT OF APPEALS
DIVISION II

2015 JUN -4 AM 8: 34

STATE OF WASHINGTON

BY _____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45248-1-II |
| Respondent, | |
| v. | |
| CHRISTOPHER EDWARD EGER, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — A jury found Christopher Eger guilty of possession of depictions of a minor engaged in sexually explicit conduct. Eger appeals, arguing that the trial court abused its discretion by admitting the images found on his hard drive when he offered to stipulate that they depicted a minor engaged in sexually explicit conduct. Because the State was not required to accept Eger's stipulation and the probative value of the admitted images was not substantially outweighed by the danger of unfair prejudice, the trial court did not abuse its discretion in admitting the images. Accordingly, we affirm.

## FACTS

In 2010, while Eger was travelling out of the state for business, Eger's wife called the police to report that she found "child pornography" on their home computer. 3 Verbatim Report of Proceedings (VRP) at 281. Police officers responded to Eger's home, and after finding explicit images on the computer, police officers obtained warrants and seized the computer. Following an

investigation, the State charged Eger with possession of depictions of minors engaged in sexually explicit conduct.[1]

In a pretrial hearing, the trial court ruled that it would allow the State to present 30 of the approximately 900 images found on Eger's computer. Eger moved to exclude the images that "allegedly depict children" engaged in sexually explicit conduct, arguing that the evidence would be highly prejudicial. Clerk's Papers (CP) at 147. In lieu of admitting the images, Eger offered to stipulate that the images meet the statutory criteria. The State argued that it was not required to stipulate and that it had a right to present the crime that Eger allegedly committed. The trial court ruled that the State has a "right to put on the evidence to support the elements of the crime that they're alleging took place." 2 VRP at 234.

At trial, the State proffered 12 images. The trial court admitted 10 images. A jury found Eger guilty of possession of depictions of minors engaged in sexually explicit conduct. Eger appeals.

## ANALYSIS

A. STIPULATION

Eger claims that the trial court erred by admitting explicit images of minors, arguing that the trial court abused its discretion by admitting unfairly prejudicial images instead of accepting his proposed stipulation regarding the images. We disagree.

Eger argues that his offered stipulation would have fulfilled the State's duty to prove the element without prejudicing the State's case, and that the State's refusal to accept his stipulation evidences the State's purpose "was to unfairly turn the jury against Eger." Br. of Appellant at 9.

---

[1] RCW 9.68A.070.

2

Washington courts have long established that "the State is not automatically precluded from presenting its evidence on an issue merely because the defendant offers a stipulation," which requires that both parties agree. *State v. Rice*, 110 Wn.2d 577, 598-99, 757 P.2d 889 (1988), *cert. denied*, 491 U.S. 910 (1989). Importantly, subject to ER 403 and other rules of evidence, the State "is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the [State] chooses to present it." *Old Chief v. United States*, 519 U.S. 172, 186-87, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997)[2]; *State v. Finch*, 137 Wn.2d 792, 811, 975 P.2d 967 (1999). The "reason for the rule is to permit a party 'to present to the jury a picture of the events relied upon. To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight.'" *Old Chief*, 519 U.S. at 187 (quoting *Parr v. United States*, 255 F.2d 86, 88 (5th Cir.), *cert denied*, 358 U.S. 824 (1958)).[3]

---

[2] The *Old Chief* court noted the following regarding stipulations:

> A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.

519 U.S. 172 at 189.

[3] In *Old Chief*, the court ultimately excluded the disputed evidence; however, the court excluded on propensity grounds, noting that the evidence at issue was "dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." 519 U.S. at 190.

Here, the State was not required to stipulate to the nature of the images. Eger argues that his stipulation offered the State an alternative method of proving the nature of the images. And while it is true that his stipulation would have satisfied the State's burden on that element, Eger has not offered authority to support his claim that the State was required to stipulate that the images depicted minors engaged in sexually explicit conduct. Therefore, in the absence of a stipulation agreed to by the parties, the trial court did not abuse its discretion in admitting the images.

B.     EVIDENCE RULE (ER) 403

Eger argues that the admitted images were highly prejudicial, and therefore, the trial court abused its discretion by admitting the "inflammatory images." Br. of Appellant at 15. The trial court did not abuse its discretion in admitting the images.

The trial court has broad discretion to admit evidence, and we review its decisions for an abuse of discretion. *State v. Lord*, 161 Wn.2d 276, 294, 165 P.3d 1251 (2007). A trial court abuses its discretion when its decision is based on untenable grounds or untenable reasons. *Id.* at 283-84. "An erroneous ruling with respect to such questions requires reversal only if there is a reasonable possibility that the testimony would have changed the outcome of trial."[4] *State v. Aguirre*, 168 Wn.2d 350, 361, 229 P.3d 669 (2010).

In determining whether the trial court abused its discretion in admitting the images, we first review the relevancy of the images under ER 401, and then potential unfair prejudice under ER

---

[4] The record does not reflect that the trial court balanced the probative and prejudicial value of the images under ER 403. But Eger has cited no authority for the proposition that a trial court is required to do an ER 403 balancing on the record under these circumstances. *State v. Gould*, 58 Wn. App. 175, 184, 791 P.2d 569 (1990).

403. *See State v. Pirtle*, 127 Wn.2d 628, 651, 904 P.2d 245 (1995); *see also Finch*, 137 Wn.2d at 811.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401; *Pirtle*, 127 Wn. 2d at 652. Relevant evidence is generally admissible. ER 402. The decision to admit evidence "where the defendant offers to stipulate is within the discretion of the trial court." *Pirtle*, 127 Wn.2d at 653.

To convict Eger of possession of depictions of a minor engaged in sexually explicit conduct, the State was required to prove beyond a reasonable doubt that Eger "knowingly possessed visual or printed matter depicting a minor engaged in sexually explicit conduct" and that Eger knew the person depicted was a minor. CP at 226 (Jury Instruction 16); *see Rice*, 110 Wn.2d at 600. The jury was instructed that "[i]f a person has information that would lead a reasonable person in the same situation to believe that a fact exists," the jury may find that Eger "acted with knowledge of that fact." CP at 222 (Jury Instruction 12). The State offered the images to demonstrate that the images it charged Eger with possessing depicted a minor engaged in sexually explicit conduct. Thus, the images, which showed minors engaged in sexually explicit conduct, tended to prove an element of the crime charged. The evidence was relevant. *See Pirtle*, 127 Wn.2d at 652; *see also Finch*, 137 Wn.2d at 811.

However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." ER 403; *Rice*, 110 Wn.2d at 600. Eger argues that the images were unpleasant and, therefore, prejudicial, and that the trial court should have required the State to accept his stipulation to the content of the images. Eger argues that "[g]raphic evidence

of children depicted of engaging in sexually explicit conduct can cause disgust in a jury." Br. of Appellant at 10. But "evidence is not prejudicial merely because it is gruesome," and "[e]ven repulsive photographs are admissible if their probative value outweighs their prejudicial effect." *Rice*, 110 Wn.2d at 601; *State v. Sargent*, 40 Wn. App. 340, 347, 698 P.2d 598 (1985).

Here, the evidence was highly probative as to whether the images Eger allegedly possessed depicted a minor engaged in sexually explicit conduct. Eger has not demonstrated how the probative value of the images, which tended to prove an element of the crime charged, was substantially outweighed by unfair prejudice. *See Rice*, 110 Wn.2d at 600. Thus, the trial court did not abuse its discretion by admitting the images. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Sutton, J.